712 So.2d 1019 (1998)
STATE of Louisiana
v.
Jerry L. HAYES.
No. 97 KA 1526.
Court of Appeal of Louisiana, First Circuit.
May 15, 1998.
*1020 Walter P. Reed, District Attorney, Terry M. Boudreaux, Assistant District Attorney, Covington, for Appellee State.
Frank Sloan, Covington, for Defendant-Appellant Jerry L. Hayes.
Before CARTER and FITZSIMMONS, JJ., and CHIASSON, J. Pro Tem.[1]
FITZSIMMONS, Judge.
The defendant, Jerry L. Hayes, was charged by bill of information with one count of theft by misappropriating or taking over $500, a violation of La. R.S. 14:67. He pled not guilty. After a jury trial, he was found guilty as charged. Subsequently, the state filed a habitual offender information alleging the defendant was also a third felony habitual offender. After a hearing, the defendant was adjudged to be a third felony habitual offender, and was sentenced to life imprisonment at hard labor, without benefit of parole, probation, or suspension of sentence. See La. R.S. 15:529.1(A)(1)(b)(ii).
The defendant now appeals, designating three counseled assignments of error and two pro se assignments of error.

FACTS
On September 5, 1996, approximately $400 disappeared from the bank deposit of the Mandeville Spur Gas Station. On September 13, 1996, the store's regional manager, Tom Bentley, traveled from Florida to the Mandeville store to investigate the cash shortage. On that date, at approximately 8:00 a.m., the store's manager, Yvonne White, prepared that day's deposit (the previous day's sales) and placed the same in a desk drawer. The desk was accessible to the defendant, who was working as cashier. White left to go to the bank between 12:00 and 1:00 p.m. After White left, the defendant asked Bentley to work the register so that he (the defendant) could take some boxes out to the dumpster. The dumpster was located in the parking lot. When White attempted to make her deposit at the bank, she was told the deposit was $620 short. White returned to the store and summoned police. Only White, Bentley, and the defendant had been present during the time the money disappeared from the deposit. The police first questioned Bentley and searched his person and his vehicle. Nothing incriminating was found. After the police began questioning the defendant, he confessed to taking both the $400 missing from September 5, 1996, and the $620 missing that day. The defendant went with the police to his vehicle and indicated the money was in the glove compartment. An envelope containing $600 was found in the glove compartment. Additionally, the police recovered $93 from the defendant's person. The defendant indicated the $93 was all that was left of the previous $400 that he had stolen.

EXCESSIVE SENTENCE
In counseled assignment of error number 1, the defendant contends the sentence imposed *1021 upon him by the trial court was constitutionally excessive.
The defendant's trial counsel failed to either object to the sentence at the time of sentencing, or to file a motion to reconsider sentence thereafter.
A thorough review of the record indicates the absence of either a written or oral motion to reconsider sentence. The failure to file or make a motion to reconsider sentence precludes a defendant from raising an objection to the sentence on appeal, including a claim of excessiveness. La.Code Crim. P. art. 881.1(D); State v. Duncan, 94-1563, p. 2 (La.App. 1st Cir. 12/15/95); 667 So.2d 1141, 1143 (per curiam). Accordingly, the defendant is procedurally barred from having the instant assignment of error reviewed.

INEFFECTIVE ASSISTANCE OF COUNSEL
In counseled assignment of error number 2, the defendant contends his trial counsel's failure to file a motion for reconsideration of sentence constitutes ineffective assistance of counsel because the failure resulted in a constitutionally excessive sentence.
Initially, we note that a claim of ineffective assistance of counsel is more properly raised by an application for post-conviction relief in the district court where a full evidentiary hearing may be conducted. However, where the record discloses evidence needed to decide the issue of ineffective assistance of counsel, and that issue is raised by assignment of error on appeal, the issue may be addressed in the interest of judicial economy. State v. Williams, 632 So.2d 351, 361 (La.App. 1st Cir.1993), writ denied, 94-1009 (La.9/2/94); 643 So.2d 139.
A convicted defendant's claim that his counsel's assistance was so defective as to require reversal of a conviction is subject to a two-part test established by the United States Supreme Court, to-wit:
First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the `counsel' guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. Unless a defendant makes both showings, it cannot be said that the conviction or ... sentence resulted from a breakdown in the adversary process that renders the result unreliable.
Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984). The question, simply stated, is whether a legally deficient performance rendered the proceeding or the result of the trial "fundamentally unfair." Lockhart v. Fretwell, 506 U.S. 364, 372, 113 S.Ct. 838, 844, 122 L.Ed.2d 180 (1993).
Article I, Section 20 of the Louisiana Constitution of 1974 prohibits the imposition of excessive punishment. Although a sentence may be within statutory limits, it may violate a defendant's constitutional right against excessive punishment and is subject to appellate review. State v. Sepulvado, 367 So.2d 762, 767 (La.1979). Generally, a sentence is considered excessive if it is grossly disproportionate to the severity of the crime or is nothing more than the needless imposition of pain and suffering. A sentence is considered grossly disproportionate if, when the crime and punishment are considered in light of the harm done to society, it shocks one's sense of justice. State v. Chaisson, 507 So.2d 248, 249-50 (La.App. 1st Cir.1987).
In State v. Dorthey, 623 So.2d 1276 (La. 1993), the Louisiana Supreme Court imposed a duty upon courts not to permit constitutionally excessive sentences to be imposed upon citizens, even under the multiple offender statute. The Dorthey court recognized, that if the trial court found that the punishment mandated by the habitual offender law made no measurable contribution to acceptable goals of punishment or that the punishment amounted to nothing more than the purposeful imposition of pain and suffering and was grossly out of proportion to the severity of the crime, then the trial court would be duty bound to reduce the sentence *1022 to one not constitutionally excessive. Dorthey, 623 So.2d at 1280-81.
A failure to file a motion to reconsider sentence does not in itself constitute ineffective assistance of counsel. However, if the defendant can "show a reasonable probability that, but for counsel's error, his sentence would have been different," a basis for an ineffective assistance claim may be found. State v. Pendelton, 96-367 p. 30 (La.App. 5th Cir. 5/28/97); 696 So.2d 144, 159.
We particularly note the comments in the pre-sentence investigation report. Mr. Hayes' parole officer recommended the maximum sentence for the theft, 10 years. See La. R.S. 14:67. He did not consider the habitual offender conviction in his recommendation. The regional manager for Spur, Mr. Bentley, stated that he would like to see Mr. Hayes serve time for the theft. Another of Mr. Hayes' employers testified at sentencing. He did not know that Mr. Hayes had stolen a bicycle from a minor, but knew of much of Mr. Hayes' criminal record. He thought highly of Mr. Hayes, and stated that he had been a good employee. More importantly, this employer felt that defendant could be rehabilitated.
Mr. Hayes' criminal record contained the following convictions: two thefts under $100, one theft over $100, several counts of issuing worthless checks, check forgery, simple robbery, and the instant offense, one theft of over $500. The simple robbery occurred when Mr. Hayes pushed a minor and stole his bicycle. None of Mr. Hayes' crimes involved a dangerous weapon.
The trial court found that the defendant's instant crime threatened the jobs of many people. The court noted the lengthy criminal history, including the conviction for simple robbery of a bicycle from a juvenile. Further, in sentencing the defendant, the trial court expressed its belief that there was an undue risk that the defendant would commit another crime, that he was in need of correctional treatment and a custodial environment, and that a lesser sentence would deprecate the seriousness of his crime. The trial court also found that the defendant used his position or status to facilitate the instant offense, that the offense (theft over $500) was a major economic offense, that he had no strong provocation whatsoever, and that there were no grounds tending to excuse or justify his conduct. The trial court sentenced the then 34 year old defendant to life imprisonment at hard labor, without parole, probation, or suspension of sentence.
But for the failure to object, the sentence would have been changed, if not in the district court, then on appeal. A sentence of life imprisonment for this defendant, at his age and with his record, is "disproportionate" to the harm done and shocks "one's sense of justice." Chaisson, 507 So.2d at 250. The life imprisonment imposes an undue burden on the taxpayers of the state, who must feed, house, and clothe this defendant for life. Mr. Hayes is a tenacious theft. He obviously needs lengthy incarceration. However, a severe sentence, for example, one between ten and twenty years, would have met all of the societal goals of incarceration. All of Mr. Hayes' offenses combined cannot support a loss of liberty at age 34, for the rest of his life.
The failure to object to the life sentence was not a strategic decision or a discretionary call, under the circumstances here. On sentencing, counsel was not acting as the counsel required by the United States Constitution, Amendment 6. The failure to object or move for consideration waived not only defendant's constitutional right to a sentence that was not cruel and unusual punishment, but also denied Mr. Hayes his right to appeal, to seek redress for the denial of a constitutional right. The constitutionally deficient legal performance rendered "the proceeding fundamentally unfair." Lockhart v. Fretwell, 113 S.Ct. at 844. Considering the seriousness of the failure to object at sentencing, and the prejudice suffered as a result, the denial of a constitutionally fair sentence and the right to appeal a life sentence, the defendant has established ineffective assistance of counsel. See State v. Hamilton, 92-2639 pp. 4-11 (La.7/1/97); 699 So.2d 29, 32-35, cert. denied, ___ U.S. ___, 118 S.Ct. 1070, 140 L.Ed.2d 129 (1998). For these reasons, we vacate the sentence, and remand to the district court for re-sentencing. See *1023 State v. Hamilton, 92-2639 at p. 11; 699 So.2d at 35.

CREDIT FOR TIME SERVED
In counseled assignment of error number 3, the defendant contends the trial court erred in not giving him credit for time served.
Because we vacate the sentence, we need not address this assignment. However, we note that 1997 La. Acts No. 788, § 1 amended La.Code Crim. P. art. 880 to state, "A defendant shall receive credit toward service of his sentence for time spent in actual custody prior to the imposition of sentence." The comment to the Act stated, "This article makes the credit for prior custody self-operating even on a silent record. It does not change the law." The Act became effective on August 15, 1997. However, the Act was clearly procedural, and thus, retroactive. See Keith v. United States Fidelity & Guaranty Co., 96-2075, p. 7 (La.5/9/97); 694 So.2d 180, 182-83.

MULTIPLE SENTENCES
In pro se assignment of error number 1, the defendant contends the trial court failed to vacate the original sentence, before imposing sentence under La. R.S. 15:529.1.
It is apparent from the court's actions in the record that the court intended to vacate the original sentence, when it sentenced the defendant "again" on March 27. However, out of an abundance of caution, we hereby vacate the sentence imposed at the March 21, 1997 hearing, as well as the sentence imposed on March 27, 1997. See State v. Thomas, 95-2348, pp. 6-7 (La.App. 1st Cir. 12/20/96); 686 So.2d 145, 149, writ denied, 97-0192 (La.3/14/97); 690 So.2d 36.

PREDICATE OFFENSES
In pro se assignment of error number 2, the defendant contends the trial court erred in permitting the state to introduce his prior guilty pleas, without proof of compliance with Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969).
However, a thorough review of the record indicates that the defendant failed to preserve the instant challenges to the predicate offenses charged against him in the state's habitual offender information. The defendant failed to file a written response to the information attacking the validity of the predicate offenses charged therein and setting forth, with particularity, his claims and the factual bases therefor. See La. R.S. 15:529.1(D)(1)(b). "Any challenge to a previous conviction ... which is not made before sentence is imposed may not thereafter be raised to attack the sentence." La. R.S. 15:529.1(D)(1)(b).
Additionally, Boykin only requires that a defendant voluntarily and knowingly waived his right against compulsory self-incrimination, right to jury trial, and right of confrontation. "Its scope has not been expanded to include advising the defendant of any other rights which he may have, nor of the possible consequences of his actions." State v. Medine, 623 So.2d 110, 113 (La.App. 1st Cir.1993), citing, State v. Nuccio, 454 So.2d 93, 104 (La.1984).
The state offered two predicate offenses against the defendantTwenty-second Judicial District Court case number 197105 (predicate # 1) and Twenty-second Judicial District Court case number 209285 (predicate # 2). As part of its proof of the first predicate, the state introduced S-4, a June 14, 1991 Boykin transcript. S-4 reflected that, on June 14, 1991, pursuant to a plea bargain, and with the representation of counsel, the defendant entered a guilty plea to simple robbery, a violation of La. R.S. 14:65, after full advice and waiver of his Boykin rights. Similarly, as part of its proof of the second predicate, the state introduced S-5, an August 30, 1993 Boykin transcript. S-5 reflected that, on August 30, 1993, pursuant to a plea bargain, and with the representation of counsel, the defendant entered a guilty plea to forgery, a violation of La. R.S. 14:72, after full advice and waiver of his Boykin rights. Thus, the instant assignment of error is clearly without merit.
CONVICTION AND HABITUAL OFFENDER ADJUDICATION AFFIRMED. *1024 SENTENCE VACATED; CASE REMANDED.
NOTES
[1] Judge Remy Chiasson, retired, is serving as judge pro tempore by special appointment of the Louisiana Supreme Court.