739 So.2d 301 (1999)
STATE of Louisiana
v.
Jerry L. HAYES.
No. 98 KA 1526 R.
Court of Appeal of Louisiana, First Circuit.
June 25, 1999.
Walter P. Reed, District Attorney, Terry M. Boudreaux, Special Appeals Counsel, *302 Covington, Counsel for AppelleeState of Louisiana.
Frank Sloan, Covington, Counsel for Defendant AppellantJerry L. Hayes.
Before: FITZSIMMONS, GUIDRY and PETTIGREW, JJ.
FITZSIMMONS, J.
The defendant, Jerry L. Hayes, was charged by bill of information with one count of theft by misappropriating or taking over $500, a violation of La. R.S. 14:67. He pled not guilty. After a jury trial, he was found guilty as charged. Subsequently, the state filed a habitual offender bill alleging the defendant was also a third felony habitual offender. After a hearing, the defendant was adjudged to be a third felony habitual offender. He was sentenced to life imprisonment at hard labor without benefit of parole, probation, or suspension of sentence. See La. R.S. 15:529.1 A(1)(b)(ii).
On original hearing, we affirmed the conviction and habitual offender adjudication. However, pursuant to defendant's assignment of error number two, we vacated the sentence and remanded to the district court for re-sentencing. See State v. Hayes, 97-1526, pp. 3-7 (La.App. 1st Cir.5/15/98); 712 So.2d 1019, 1021-23. Under the particular facts of this case, we found ineffective assistance of counsel based on counsel's failure to object to the constitutionally excessive life sentence for this thirty-four year old defendant. The state sought, and was granted, a writ of certiorari from that decision. State v. Hayes, 98-1603 (La.12/11/98); 729 So.2d 584. Therein, the Louisiana Supreme Court ordered that we reconsider our decision on assignment of error two, in light of State v. Johnson, 97-1906 (La.3/4/98); 709 So.2d 672. After reconsideration of that assignment of error, using Johnson as a guide, we again vacate the sentence, and remand for re-sentencing.

RECONSIDERATION UNDER GUIDELINES OF JOHNSON
In State v. Johnson, 97-1906 (La.3/4/98); 709 So.2d 672, the Louisiana Supreme Court reexamined the issue of when State v. Dorthey, 623 So.2d 1276 (La.1993), permits a downward departure from the mandatory minimum sentences in the habitual offender law. In pertinent part, the Johnson court stated:
A sentencing judge must always start with the presumption that a mandatory minimum sentence under the Habitual Offender Law is constitutional. See State v. Dorthey, supra at 1281 (Marcus, J., concurring); State v. Young, [94-1636 p. 5 (La.App. 4th Cir.10/26/95); 663 So.2d 525, 527, writ denied, 95-3010 (La.3/22/96); 669 So.2d 1223]. A court may only depart from the minimum sentence if it finds that there is clear and convincing evidence in the particular case before it which would rebut this presumption of constitutionality.
A trial judge may not rely solely upon the non-violent nature of the instant crime or of past crimes as evidence which justifies rebutting the presumption of constitutionality. While the classification of a defendant's instant or prior offenses as non-violent should not be discounted, this factor has already been taken into account under the Habitual Offender Law for third and fourth offenders. LSA-R.S. 15:529.1 provides that persons adjudicated as third or fourth offenders may receive a longer sentence if their instant or prior offense is defined as a "crime of violence" under LSA-R.S. 14:2(13). Thus the Legislature, with its power to define crimes and punishments, has already made a distinction in sentences between those who commit crimes of violence and those who do not. Under the Habitual Offender Law those third and fourth offenders who have a history of violent crime get longer sentences, while those who do not are allowed lesser sentences. So while a *303 defendant's record of non-violent offenses may play a role in a sentencing judge's determination that a minimum sentence is too long, it cannot be the only reason, or even the major reason, for declaring such a sentence excessive.
Instead, to rebut the presumption that the mandatory minimum sentence is constitutional, the defendant must clearly and convincingly show that:
[he] is exceptional, which in this context means that because of unusual circumstances this defendant is a victim of the legislature's failure to assign sentences that are meaningfully tailored to the culpability of the offender, the gravity of the offense, and the circumstances of the case.

Young, 94-1636 at pp. 5-6, 663 So.2d at [531] (Plotkin, J., concurring).
When determining whether the defendant has met his burden of proof by rebutting the presumption that the mandatory minimum sentence is constitutional, the trial judge must also keep in mind the goals of the Habitual Offender Law. Clearly, the major reasons the Legislature passed the Habitual Offender Law were to deter and punish recidivism. Under this statute the defendant with multiple felony convictions is treated as a recidivist who is to be punished for the instant crime in light of his continuing disregard for the laws of our state. He is subjected to a longer sentence because he continues to break the law. Given the Legislature's constitutional authority to enact statutes such as the Habitual Offender Law, it is not the role of the sentencing court to question the wisdom of the Legislature in requiring enhanced punishments for multiple offenders. Instead, the sentencing court is only allowed to determine whether the particular defendant before it has proven that the mandatory minimum sentence is so excessive in his case that it violates our constitution.
Johnson, 97-1906 at pp. 7-8; 709 So.2d at 676-77.
The instant crime, theft of approximately $1000, is a serious offense, but Mr. Hayes admitted the thefts, and returned what was left of the money, $693. The trial court found that this was a major economic offense, but failed to consider Mr. Hayes' return of 69% of the money.
Mr. Hayes was 34 at the time of sentencing. The parole and probation officer recommended a sentence of 10 years. The manager of the business, from whom Mr. Hayes stole the money, stated that he would like Mr. Hayes to serve time, and hoped Mr. Hayes would be rehabilitated after serving time. At the time of the theft, Mr. Hayes had a second employer, who thought highly of Mr. Hayes. The employer found Mr. Hayes to be a good employee, and believed that Mr. Hayes could be rehabilitated.
Mr. Hayes' criminal record contained the following convictions: two thefts under $100, one theft over $100, several counts of issuing worthless checks, check forgery, simple robbery, and the instant offense, theft of over $500. The simple robbery, was the "`crime of violence'" necessary for the life imprisonment sentence. La. R.S. 14:2(13); La. R.S. 14:2(13)(y); La. R.S. 15:529.1 A(1)(b)(ii). The simple robbery occurred in 1991, when Mr. Hayes pushed a minor, and stole his bicycle. None of Mr. Hayes' crimes involved a dangerous weapon.
This particular life imprisonment imposes an undue burden on the taxpayers of the state, who must feed, house, and clothe this defendant for life. Mr. Hayes is a tenacious thief. He obviously needs lengthy incarceration. However, a severe sentence, for example, between twenty and forty years, would have met all of the societal goals of incarceration.
For all the reasons above, and after a review of the facts and circumstances of this particular defendant and the instant crime, we find clear and convincing evidence that this "defendant is a victim of the legislature's failure to assign sentences *304 that are meaningfully tailored to the culpability of the offender, the gravity of the offense, and the circumstances of the case." Young, 94-1636 at pp. 5-6, 663 So.2d at 531 (Plotkin, J., concurring). A sentence of life imprisonment for this defendant, on this record, is "disproportionate" to the harm done and shocks "one's sense of justice." State v. Chaisson, 507 So.2d 248, 250 (La.App. 1st Cir.1987). Thus, the life sentence is constitutionally excessive.
Therefore, we vacate the sentence, and remand to the trial court for re-sentencing, consistent with this opinion, and the opinion in State v. Hayes, 97-1526 (La.App. 1st Cir.5/15/98); 712 So.2d 1019.
SENTENCE VACATED, AND CASE REMANDED FOR RE-SENTENCING.