h JOHNSON, J.,
would grant defendant’s writ application for the following reasons:
In 1975, defendant was charged with violation of La. R.S. 40:966 (distribution of heroin), and convicted of distribution of three single doses of heroin, with a street value of $36.00.
*34 When this trial took place, there was no sentencing discretion, as the sole penalty for distribution of heroin was life imprisonment. This Court has held that sentences imposed for distribution of heroin or possession of heroin with intent to distribute, before the 1977 amendment of La. R.S. 40:966(B)(1), could not deny the defendant benefit of suspension of sentence and probation, or parole. State v. Hopkins, 367 So.2d 346 (La.1979)
Given the quantity of drugs involved, a life sentence is clearly excessive and constitutes cruel and unusual punishment, a violation of the Eight Amendment of the United States Constitution and Louisiana Constitution Art. 1, Section 20. The United States Supreme Court has held “as a matter of principle” that “a criminal sentence must be proportionate to the crime for which the defendant has been convicted.” Solem v. Helm, 463 U.S. 277, 103 S.Ct. 3001, 77 L.Ed.2d 637 (1983).[1] A court’s | ^proportionality analysis under the Eighth Amendment should be guided by objective criteria, including (i) the gravity of the offense and the harshness of the penalty; (ii) the sentences imposed on other criminals in the same jurisdiction; and (iii) the sentences imposed for commission of the same crime in other jurisdictions. Id., 463 U.S. at 292, 103 S.Ct. 3001.
Louisiana courts have followed the factors set forth in Solem in analyzing the proportionality of a crime to the sentence imposed. This Court in the consolidated case of State v. Lindsey c/w State v. Webster, 99-3256 (La.10/17/00), 770 So.2d 339 noted that “this Court has long held that we have the power to declare a sentence excessive under Article 1, section 20 of the Louisiana Constitution even though it falls within the legislatively provided statutory limits.” State v. Sepulvado, 367 So.2d 762 (La.1979). In Lindsey c/w Webster, this Court, following the factors in Solem, found the life sentence imposed upon one of the defendants, convicted of one count of purse snatching, to be grossly out of proportion to the severity of the crime. Likewise, in State v. Hayes, 97-1526 (La.App. 1 Cir. 6/25/99), 739 So.2d 301, the court held that the life sentence imposed upon a defendant convicted of one count of theft by misappropriating or taking over $500 was constitutionally excessive. There, the court stated “this particular life imprisonment imposes an undue burden on the tax payers of the state, who must feed, house, and clothe this defendant for life.”
This court should follow the rule of State ex rel. Cooper v. Maggio, 444 So.2d 113 (La.1983) and its progeny. Rather than making inquiry as to whether this trial judge knew of his sentencing discretion, this court should resolve the ambiguity in defendant’s favor, and order re-sentencing under the proper law. State ex rel. Henry v. Maggio, 450 So.2d 643 (La.1984); State ex rel. Adams v. Maggio, 445 So.2d 429 (La.1984).

. In Solem, the Court considered a mandatory life term under south Dakota’s recidivist law, imposed upon defendant after he was found guilty of uttering a “no account” check for $100, his seventh felony conviction. The Court agreed with a lower federal court that the sentence was grossly disproportionate under the Eighth Amendment. While agreeing that "a State is justified in punishing a recidivist more severely than it punishes a first offender,” nevertheless, the Court explained that the defendant's "status cannot be considered in the abstract,” noting that his prior convictions all were nonviolent, relatively minor and they didn't involve crimes against the person.