845 So.2d 542 (2003)
STATE of Louisiana
v.
Jerry L. HAYES.
No. 2002 KA 1268.
Court of Appeal of Louisiana, First Circuit.
March 5, 2003.
*543 Walter P. Reed, District Attorney, Covington, Dorothy Pendergast, Special Appeals Counsel, Metairie, Counsel for Plaintiff-Appellee State of Louisiana.
Frank Sloan, Mandeville, Counsel for Defendant-Appellant Jerry L. Hayes.
Before: PARRO, MCDONALD and CLAIBORNE,[1] JJ.
CLAIBORNE, J.
The defendant, Jerry L. Hayes, was charged by bill of information with theft, a violation of La. R.S. 14:67. He entered a plea of not guilty. After a trial by jury, the defendant was found guilty as charged. *544 Upon the denial of motions for a new trial and for post verdict judgment of acquittal, the defendant was adjudicated a third felony offender on March 21, 1997, under the provisions of La. R.S. 15:529.1. Accordingly, he was sentenced to life imprisonment at hard labor, without the benefit of parole, probation, or suspension of sentence. On appeal, we affirmed the conviction and habitual offender adjudication. We, however, vacated the sentence and remanded the case to the district court for resentencing based on defense counsel's ineffectiveness in failing to object to a constitutionally excessive sentence. See State v. Hayes, 97-1526, pp. 3-7 (La.App. 1st Cir.5/15/98), 712 So.2d 1019, 1021-23. The state applied for a writ of certiorari. The Louisiana Supreme Court granted the writ and remanded the case to us for reconsideration. State v. Hayes, 98-1603 (La.12/11/98), 729 So.2d 584. After reconsideration of that assignment of error, using State v. Johnson, 97-1906 (La.3/4/98), 709 So.2d 672, as a guide, we again vacated the sentence, and remanded for resentencing. State v. Hayes, 97-1526R, p. 4 (La. App. 1st Cir.6/25/99), 739 So.2d 301, 304. The Louisiana Supreme Court denied the state's application for a writ of certiorari. State v. Hayes, 99-2136 (La.6/16/00), 764 So.2d 955. On resentencing, the trial court sentenced the defendant to thirty years at hard labor without the benefit of parole, probation, or suspension of sentence. The defendant's motion for reconsideration of sentence was denied. The defendant now appeals, urging that the sentence imposed upon resentencing is excessive. We affirm.

FACTS
The facts of the instant offense are set out in detail in State v. Hayes, 97-1526 at pp. 2-3, 712 So.2d at 1020.

ASSIGNMENT OF ERROR
In the sole assignment of error, the defendant contends that the sentence imposed by the trial court at resentencing is excessive. He avers that the sentence should be reconsidered in light of the ameliorative changes in La. R.S. 15:529.1.
Both the United States and Louisiana Constitutions prohibit the imposition of excessive or cruel punishment. U.S. Const. amend. VIII; La. Const. art. I, § 20. A sentence is constitutionally excessive, even if it is within the statutory limits, if it is grossly disproportionate to the severity of the offense or is nothing more than the needless and purposeless imposition of pain and suffering. State v. Telsee, 425 So.2d 1251, 1253 (La.1983). If the trial judge finds that an enhanced punishment mandated by the Habitual Offender Law, La. R.S. 15:529.1, makes no "measurable contribution to acceptable goals of punishment" or that the sentence amounts to nothing more than "the purposeful imposition of pain and suffering" and is "grossly out of proportion to the severity of the crime," the trial judge has the option and duty to reduce such sentence to one that would not be constitutionally excessive. State v. Dorthey, 623 So.2d 1276, 1280-81 (La.1993). To determine whether a penalty is excessive, we must determine whether the penalty is so grossly disproportionate to the severity of the crime as to shock our sense of justice. State v. Bonanno, 384 So.2d 355, 358 (La.1980).
The sentencing range for the underlying offense, theft when the misappropriation or taking amounts to a value of five hundred dollars or more, is imprisonment with or without hard labor for not more than ten years and/or a fine of not more than three thousand dollars. La. R.S. 14:67 B. The underlying offense occurred between September 5, 1996, and September 13, 1996. The defendant's two predicate offenses *545 consist of simple robbery, a violation of La. R.S. 14:65, and forgery, a violation of La. R.S. 14:72. In accordance with the habitual offender statute in effect at the time of the adjudication as a multiple offender, the defendant was subject to a mandatory sentence of life imprisonment and received such mandated sentence.
Upon appeal, we determined that a sentence of life imprisonment for this defendant, at his age and with his record, was disproportionate to the harm done and shocks one's sense of justice. State v. Hayes, 97-1526 at p. 6, 712 So.2d at 1022. We concluded that all of the defendant's offenses combined cannot support a loss of liberty, at age 34, for the rest of his life. We held, considering the seriousness of defense counsel's failure to object to the life sentence at sentencing and the prejudice suffered as a resultthe denial of a constitutionally fair sentence and the right to appeal a life sentencethat the defendant established ineffective assistance of counsel. State v. Hayes, 97-1526 at pp. 6-7, 712 So.2d at 1022-1023. On reconsideration, we again found a life imprisonment sentence to be excessive in this instance and concluded that a severe sentence, for example, between twenty and forty years, would have met all of the societal goals of incarceration. State v. Hayes, 97-1526R at p. 4, 739 So.2d at 303. We noted that although the instant crime, theft of approximately $1000, is a serious offense, the defendant admitted the thefts and returned what was left of the money, $693. State v. Hayes, 97-1526R at p. 3, 739 So.2d at 303. We found clear and convincing evidence that this "defendant is a victim of the legislature's failure to assign sentences that are meaningfully tailored to the culpability of the offender, the gravity of the offense, and the circumstances of the case." State v. Hayes, 97-1526R at p. 3, 739 So.2d at 303, citing State v. Young, 94-1636, pp. 5-6 (La.App. 4th Cir.10/26/95), 663 So.2d 525, 531 (Plotkin, J., concurring), writ denied, 95-3010 (La.3/22/96), 669 So.2d 1223.
At resentencing, the trial court referred back to its previous findings concerning the defendant's record, the pre-sentence investigation, and considerations under La. Code Crim. P. art. 894.1. The trial court then imposed a sentence of thirty years imprisonment at hard labor without benefit of parole, probation, or suspension of sentence.
In 2001 La. Acts, No. 403, § 2, effective June 15, 2001, the Legislature amended La. R.S. 15:529.1 to require a life sentence for a third felony offender only if the third felony and both of the predicate offenses were crimes of violence, certain sex offenses, drug offenses punishable by more than ten years, or any other crimes punishable by more than twelve years. The defendant notes that under the present law, the sentencing range for his conviction and multiple offender adjudication would be six years and eight months to twenty years imprisonment. However, the Legislature expressly stated the amendment was to be applied prospectively. The defendant's adjudication as a multiple offender occurred prior to the amendment's effective date and, thus, the amendment is inapplicable to this case. See State v. Parker, 02-1477 (La.App. 1st Cir. 3/5/03), 845 So.2d 546, decided this date. We also note that the defendant's habitual offender proceeding and resentencing also occurred prior to the amendment's effective date.[2]
We do not find the sentence imposed upon resentencing to be unconstitutionally *546 excessive. This particular sentence is tailored to the defendant's culpability, the gravity of the offense, and the circumstances of this case. This assignment of error is without merit. We affirm the sentence imposed upon the defendant.
SENTENCE AFFIRMED.
NOTES
[1] Judge Ian W. Claiborne, retired, is serving as judge pro tempore by special assignment of the Louisiana Supreme Court.
[2] The defendant's resentencing took place on October 20, 2000, many months prior to the effective date of the amendments to La. R.S. 15:529.1.