# NOT DESIGNATED FOR PUBLICATION

## STATE OF LOUISIANA

## COURT OF APPEAL

## FIRST CIRCUIT

## NO. 2019KA0031

## STATE OF LOUISIANA

### VERSUS

## TIMOTHY LEE ELLIOT

Judgment Rendered: JUL 2 2 2019

********

Appealed from the 32nd Judicial District Court
In and for the Parish of Terrebonne
State of Louisiana
Docket No. 726876

The Honorable Judge Juan C. Pickett Presiding

********

| | |
|---|---|
| **J. Christopher Erny**<br>Houma, Louisiana | **Counsel for Plaintiff/Appellee**<br>**State of Louisiana** |
| **Gwendolyn Brown**<br>Baton Rouge, Louisiana | **Counsel for Defendant/Appellant**<br>**Timothy Lee Elliot** |

********

BEFORE: WELCH, CHUTZ AND LANIER, JJ

Welch. J., dissents and assigns reasons

1

**LANIER, J.**

The defendant, Timothy Lee Elliot, was charged by bill of information with simple criminal damage to property (where damage amounts to five hundred dollars but less than fifty thousand dollars), a violation of La. R.S. 14:56(A)(1).[1] He pled not guilty and, following a jury trial, was found guilty as charged. The State filed a habitual offender bill of information.[2] At a hearing on the matter, the defendant was adjudicated a fourth-or-subsequent-felony habitual offender and sentenced to twenty years imprisonment at hard labor without benefit of parole, probation, or suspension of sentence. The State filed a motion to reconsider sentence. The trial court granted the motion and resentenced the defendant to forty years imprisonment at hard labor without benefit of probation or suspension of sentence.[3] The defendant filed a counseled and a *pro se* motion to reconsider sentence, both of which were denied. The defendant now appeals, designating three assignments of error.[4] For the following reasons, we affirm the enhanced sentence.

## FACTS[5]

On December 14, 2015, the defendant was an inmate at the Terrebonne Parish Jail. The defendant was locked in this cell, but the food and service hatch on the cell door was open. An inmate outside of the cell exchanged words with the

---

[1] The defendant's last name is referred to as "Elliot" or "Elliott" throughout the record. We adopt the spelling ("Elliot") used in the bill of information.

[2] The defendant has prior convictions for attempted simple escape, simple arson, illegal possession of stolen things, simple burglary, and battery of a correctional officer.

[3] In resentencing the defendant, the trial court correctly imposed a sentence without benefit of probation or suspension of sentence. There is no parole restriction on the enhanced sentence because the underlying sentence does not carry a parole restriction. See La. R.S. 14:56(B)(2) (prior to the 2017 change in the law); La. R.S. 15:529.1(A)(4)(a) & 15:529.1(G); **State v. Bruins**, 407 So.2d 685, 687 (La. 1981).

[4] The defendant filed a separate appeal, arguing inter alia the evidence was insufficient and the sentence was excessive. See **State v. Elliot**, 2019-0029 (La. App. 1st Cir. _/_/_). In the instant appeal, the defendant argues the sentence was excessive and that the trial court erred in granting the State's motion to reconsider sentence and in denying his motion to reconsider sentence.

[5] These facts are taken from **State v. Elliot**, 2019-0029 (La. App. 1st Cir. _/_/_).

2

the cell door was open. An inmate outside of the cell exchanged words with the defendant and closed the hatch on the door. Angered, the defendant stood on the back of the toilet in his cell, reached toward the ceiling, and pulled out the speaker and its wiring from the ceiling. The defendant then used the speaker or speaker cover to strike the cell door window several times, causing a large fracture to the window. The jail's video camera system recorded most of the defendant's actions in the cell.

The defendant testified at trial. He denied pulling the speaker from the ceiling. He stated that when he entered the cell, the speaker had already been pulled out and the speaker parts had been placed under the bunk. The defendant admitted that he struck the window on the cell door, but denied having the intent to break it.

## ASSIGNMENTS OF ERROR NOS. 1, 2 and 3

In these related assignments of error, the defendant argues, respectively, his sentence is unconstitutionally excessive; the trial court erred in granting the State's motion to reconsider sentence; and the trial court erred in denying the defendant's motion to reconsider sentence.

The Eighth Amendment to the United States Constitution and Article I, § 20, of the Louisiana Constitution prohibit the imposition of cruel or excessive punishment. Although a sentence falls within statutory limits, it may be excessive. **State v. Sepulvado**, 367 So.2d 762, 767 (La. 1979). A sentence is considered unconstitutionally excessive if it is grossly disproportionate to the seriousness of the offense or is nothing more than a purposeless and needless infliction of pain and suffering. A sentence is considered grossly disproportionate if, when the crime and punishment are considered in light of the harm done to society, it shocks the sense of justice. **State v. Andrews**, 94-0842 (La. App. 1st Cir. 5/5/95), 655

3

So.2d 448, 454. The trial court has great discretion in imposing a sentence within the statutory limits, and such a sentence will not be set aside as excessive in the absence of a manifest abuse of discretion. **State v. Holts**, 525 So.2d 1241, 1245 (La. App. 1st Cir. 1988). Louisiana Code of Criminal Procedure article 894.1 sets forth the factors for the trial court to consider when imposing sentence. While the entire checklist of La. Code of Crim. P. art. 894.1 need not be recited, the record must reflect the trial court adequately considered the criteria. **State v. Brown**, 2002-2231 (La. App. 1st Cir. 5/9/03), 849 So.2d 566, 569.

The articulation of the factual basis for a sentence is the goal of La. Code Crim. P. art. 894.1, not rigid or mechanical compliance with its provisions. Where the record clearly shows an adequate factual basis for the sentence imposed, remand is unnecessary even where there has not been full compliance with La. Code Crim. P. art. 894.1. **State v. Lanclos**, 419 So.2d 475, 478 (La. 1982). The trial judge should review the defendant's personal history, his prior criminal record, the seriousness of the offense, the likelihood that he will commit another crime, and his potential for rehabilitation through correctional services other than confinement. See **State v. Jones**, 398 So.2d 1049, 1051-52 (La. 1981). Even when a trial court assigns no reasons, the sentence will be set aside on appeal and remanded for resentencing only if the record is either inadequate or clearly indicates that the sentence is excessive. See La. Code Crim. P. art. 881.4(D); **State v. Harris**, 601 So.2d 775, 779 (La. App. 1st Cir. 1992). **State v. Knight**, 2011-0366 (La. App. 1st Cir. 9/14/11), 77 So.3d 302, 304, writ denied, 2011-2240 (La. 2/17/12), 82 So.3d 283. On appellate review of a sentence, the relevant question is whether the trial court abused its broad sentencing discretion, not whether another sentence might have been more appropriate. **State v. Thomas**, 98-1144 (La. 10/9/98), 719 So.2d 49, 50 (per curiam).

4

The defendant suggests in brief that the trial court offered no reason for its decision to double his twenty-year sentence. This is incorrect. We address first the trial court's reasoning for increasing the defendant's twenty-year sentence. At the habitual offender hearing, the defendant suggested that none of his prior convictions were crimes of violence, and that battery of a correctional officer[6] was not listed under La. R.S. 14:2 as a crime of violence. The state disagreed, arguing that the definition of a crime of violence under La. R.S. 14:2 includes the use of force upon the person of another, and that by the very nature of the crime of battery of a correctional officer, it was a crime of violence. The trial court stated it was of the opinion that the defendant had never been convicted of a crime of violence and, accordingly, sentenced the defendant to twenty years imprisonment at hard labor, pursuant to La. R.S. 15:529.1(A)(4)(a).

The habitual offender hearing was held on August 17, 2017. The trial court further noted, correctly, that whether the defendant was sentenced under the law at that time (August of 2017) or under the new law,[7] the defendant was subject to the same sentencing exposure. Both prior to and subsequent to November 1, 2017, La. R.S. 15:529.1(A) remained virtually identical with the following provisions:

> (4) If the fourth or subsequent felony is such that, upon a first conviction the offender would be punishable by imprisonment for any term less than his natural life then:[8]

---

[6] The parties and the trial court, as well as the bill of information, refer to this prior conviction, listed as La. R.S. 14:34.5, as battery of a correctional officer. The actual name of the offense is "Battery of a correctional facility employee."

[7] The new habitual offender law took effect November 1, 2017 and provided that this change shall have prospective application only to offenders whose convictions became final on or after November 1, 2017. The trial court herein stated it was of the opinion that the defendant's conviction would not become final prior to November 1, 2017. (R. p. 145). In 2018, the habitual offender statute was again amended with the addition of Subsection K., which provided that "notwithstanding any provision of law to the contrary, the court shall apply the provisions of this Section that were in effect on the date that the defendant's instant offense was committed." See **State v. Cagler**, 2018-0427 (La. App. 1st Cir. 11/7/18), 2018 WL 5876878 (unpublished).

[8] Under the new law, four words were added at the end of paragraph (A)(4): "If the fourth or subsequent felony is such that, upon a first conviction the offender would be punishable by imprisonment for any term less than his natural life then *the following sentences apply*[.]" (Emphasis added).

5

(a) The person shall be sentenced to imprisonment for the fourth or subsequent felony for a determinate term not less than the longest prescribed for a first conviction but in no event less than twenty years and not more than his natural life[.]

The State objected to the sentence and filed a motion to reconsider sentence. At the hearing on this matter, the trial court noted that **State v. Smith**, 45,430 (La. App. 2nd Cir. 8/11/10), 47 So.3d 553, 555-56, writ denied, 2010-2384 (La. 3/4/11), 58 So.3d 474, found that battery of a correctional facility employee was a crime of violence. See also **State v. Oliphant**, 2012-1176 (La. 3/19/13), 113 So.3d 165, 170 (noting that because the list of enumerated crimes in La. R.S. 14:2(B) is merely illustrative, not exhaustive, unlisted offenses may be denominated as crimes of violence under the general definition of the term provided by the statute). Accordingly, the trial court granted the State's motion to reconsider sentence and resentenced the defendant to forty years imprisonment at hard labor without benefit of probation or suspension of sentence. The trial court also correctly pointed out that even with this prior conviction designated as a crime of violence, the same habitual offender law provision (La. R.S. 15:529.1(A)(4)(a)) was still applicable, resulting in the same sentencing exposure (twenty years to life) under either version of the law.

A pro se motion and a counseled motion to reconsider this new sentence were then filed. A hearing was held on the matter, and the trial court denied both motions. The defendant argues in brief that his sentence is excessive because all of his prior offenses are non-violent offenses, except for his previous conviction of battery of a correctional officer, which occurred more than sixteen years before the instant offense. Further, according to the defendant, the current offense, which consisted of his breaking glass and a speaker in his cell, occurred only after he was provoked by a fellow inmate who closed the hatch hole to his cell, "causing him grave distress."

6

We find no abuse of discretion by the trial court. In denying both the defendant's and defense counsel's motion to reconsider sentence, the trial court noted in pertinent part:

> The Court was of the opinion, when I made the ruling previously, that the State met its burden of proof beyond a reasonable doubt that Mr. Elliott had been previously convicted of six prior felonies - one of which was a crime of violence.
>
> Specifically, the evidence was sufficient to support the finding that Mr. Elliott was found guilty on March 30, 2016 of Simple Criminal Damage to Property, where the amounts were more than $500.00 but less than $50,000.00; and he is the same person whose previously convicted for Battery of a Correctional Employee; Simple Burglary; Illegal Possession of Stolen Things over $500.00; Simple Arson; Attempted Simple Escape - all as outlined in the Bill of Information - the Habitual Offender Bill of Information, filed by the State.
>
> Accordingly, the Court adjudged Mr. Elliott as a six-time felony offender, with one prior crime of violence felony conviction. Having considered Mr. Elliott's previous convictions, the Court was of the opinion that there is an undue risk that during any period of a lesser sentence, that Mr. Elliott would commit another crime; that Mr. Elliott was in dire need of correctional treatment; that a lesser sentence would deprecate the seriousness of the offense; and therefore, the Court sentenced Mr. Elliott to a term of 40 years, which was less than the life sentence.

While the classification of a defendant's instant or prior offenses as non-violent should not be discounted, this factor has already been taken into account under the Habitual Offender Law for third and fourth offenders. **State v. Johnson,** 97-1906 (La. 3/4/98), 709 So.2d 672, 676. Moreover, the defendant was not sentenced to forty years imprisonment for the offense of damaging property in his cell or for mostly non-violent offenses. Rather, he received this *enhanced* sentence because of his continued lawlessness as a repeat offender, having six felony convictions. Under the Habitual Offender Law, a defendant with multiple felony convictions is treated as a recidivist who is to be punished for his instant crime in light of his continuing disregard for the laws of our state. He is subjected to a longer sentence because he continues to break the law. **Johnson,** 709 So.2d at

672, 677; **State v. Spikes**, 2017-0087 (La. App. 1st Cir. 9/15/17), 228 So.3d 201, 206.

Finally, we note that twice in his brief the defendant suggests that even the minimum twenty-year sentence was excessive. He notes that Louisiana jurisprudence mandates that if the sentencing is found to be constitutionally excessive, then the trial judge must impose a sentence that is less than the statutory minimum. Later, he states that the trial court gave no reason for why it doubled his twenty-year term - "a term that itself rises to the level of constitutional excessiveness given this offense and this offender[.]"

In **State v. Dorthey**, 623 So.2d 1276, 1280-81 (La. 1993), the Louisiana Supreme Court opined that if a trial judge were to find that the punishment mandated by La. R.S. 15:529.1 makes no "measurable contribution to acceptable goals of punishment" or that the sentence amounted to nothing more than "the purposeful imposition of pain and suffering" and is "grossly out of proportion to the severity of the crime", he has the option, indeed the duty, to reduce such sentence to one that would not be unconstitutionally excessive.

In **Johnson**, 709 So.2d at 676-77, the Louisiana Supreme Court reexamined the issue of when **Dorthey** permits a downward departure from the mandatory minimum sentences in the Habitual Offender Law. To rebut the presumption that the mandatory minimum sentence is constitutional, the defendant must clearly and convincingly show that he is exceptional, which means that because of unusual circumstances this defendant is a victim of the legislature's failure to assign sentences that are meaningfully tailored to the culpability of the offender, the gravity of the offense, and the circumstances of the case. See **Johnson**, 709 So.2d at 676-78.

8

Considering the trial court's review of the circumstances, the defendant's criminal history, and the nature of the crimes, we find no abuse of discretion by the trial court. The trial court provided ample justification in imposing a forty-year sentence on the defendant. To the extent the defendant is suggesting he is exceptional, he has not proven by clear and convincing evidence that he is exceptional such that the sentence would not be meaningfully tailored to the culpability of the offender, the gravity of the offense, and the circumstances of the case. See **Johnson**, 709 So.2d at 676. Accordingly, the sentence imposed by the trial court is not grossly disproportionate to the severity of the offenses and, therefore, is not unconstitutionally excessive. The trial court did not err in granting the State's motion to reconsider sentence; nor did it err in denying the defendant's motion to reconsider sentence.

These assignments of error are without merit.

**CONVICTION AND SENTENCE AFFIRMED.**

STATE OF LOUISIANA                    2019 KA 0031

                                      FIRST CIRCUIT

VERSUS

                                      COURT OF APPEAL

TIMOTHY LEE ELLIOT                    STATE OF LOUISIANA


**Welch, J. dissenting.**

*JLW* I respectfully disagree with the majority's conclusion that the defendant's

sentence was not unconstitutionally excessive. The defendant broke a speaker and

a window in his cell at the parish jail, which resulted in damages totaling

approximately $2,200.00. For this, the defendant was sentenced to forty years

imprisonment at hard labor without benefit of probation or suspension of sentence.

Considering the defendant's age, this sentence is, in reality, a life sentence. I

believe this sentence is unconstitutionally excessive because it is shocking and

grossly disproportionate to the seriousness of the offense. Futhermore, this

sentence also punishes the taxpayers of this State as it forces the taxpayers to bear

the extensive cost of incarcerating the defendant for a purposeless and needless

extended period of time. Therefore, I would vacate the defendant's habitual

offender sentence of forty years and remand for the trial court to impose a sentence

that is constitutional.

Notably, all of the defendant's prior offenses (simple arson, illegal

possession of stolen things, attempted simple escape, and simple burglary) are non-

violent offenses, with the exception of his previous conviction of battery of a

correctional officer, which occurred more than sixteen years before the instant

offense. In addition, most of his convictions were related to his incarceration.

Considering the defendant committed a single crime of violence more than sixteen

years ago, that the instant conviction was for a the relatively minor offense of

damaging property in his cell, his forty-year sentence is grossly disproportionate to

the severity of the offence and therefore, is unconstitutionally excessive.

In **State v Hayes**, 97-1526 (La. App. 1ˢᵗ Cir. 6/25/99), 739 So.2d 301, this Court found that the defendant's life sentence was constitutionally excessive and remanded for resentencing. Hayes was convicted of theft (over $500). He was adjudicated a third-felony habitual offender and sentenced to life imprisonment. Hayes's sole crime of violence was a simple robbery committed in 1991, wherein he pushed a minor and stole his bicycle. All of Hayes's other convictions were non-violent, consisting of thefts, several counts of issuing worthless checks, and check forgery. We noted that none of Hayes's crimes involved a dangerous weapon. We further noted that this particular life imprisonment "imposed an undue burden on the taxpayers of the state, who must feed, house, and clothe this defendant for life." *Id.* at 303. Hayes was ultimately sentenced to thirty years imprisonment at hard labor. **State v. Hayes**, 2002-1268 (La. App. 1ˢᵗ Cir. 3/5/03), 845 So.2d 542, writ denied, 2004-0047 (La. 12/17/04), 888 So.2d 860.

From the Louisiana Department of Public Safety and Corrections Services Fact Sheet, as of December 31, 2018, the Budget and Cost Data Summary for Corrections Services for the fiscal year 2018-2019, indicates that the average total cost per offender per day at a Louisiana adult correctional institution is about $62.63 and the annual cost is approximately $22,860.00. The total cost, thus, to house this defendant for an additional forty years would be approximately $914,400.00 (in today's dollars, not including future inflation).[1]

In the recent case of **State v. Thompkins**, 2018-2104 (La. 6/17/19), __ So.3d __, 2019 WL 2513773 (*per curiam*), our Louisiana Supreme Court vacated the enhanced forty-five-year sentence of the defendant, who had been adjudicated a fourth or subsequent felony habitual offender. Having been convicted of obscenity, the Court noted that, absent the habitual offender bill, the punishment could have

2

been merely a monetary fine. Instead, the defendant received what was effectively a life sentence, given his age and the lengthy term imposed. In no way diminishing the offensiveness of the defendant's conduct, the Court, in recognizing its duty to overturn a sentence that inflicts excessive retribution on the offender because of its disproportionate nature, found the forty-five-year sentence to be unconstitutionally excessive and remanded for resentencing. See **State v. Wilson**, 37,555 (La. App. 2nd Cir. 11/6/03), 859 So.2d 957, writ denied, 2003-3232 (La. 6/4/04), 876 So.2d 73 (where second circuit found life sentence excessive, and suggested a sentence of no more than thirty years would be constitutional, wherein defendant was adjudicated fourth-felony habitual offender for conviction of instant offense which was crime of violence and other three prior convictions were non-violent). See also **State v. Bruce**, 2011-991 (La. App. 5th Cir. 10/30/12), 102 So.3d 1029, 1034-37, writ denied, 2012-2568 (La. 4/26/13), 112 So.3d 839.

Similarly, the defendant herein committed only one crime of violence over sixteen years ago and his forty-year sentence is grossly disproportionate to the severity of the offense and, therefore, is unconstitutionally excessive. In addition, by sentencing the defendant to an additional forty years for such a relatively minor offense does nothing more than contribute to the exorbitant cost of incarcerating prisoners at the expense of Louisiana's taxpayers.

Thus, I respectfully dissent.

---

[1] https://www.doc.la.gov/media/1/Briefing%20Book/Jan%202019/jan.19.bb.pdf.

3