796 So.2d 45 (2001)
STATE of Louisiana, Appellee,
v.
Kenneth WILSON, Appellant.
No. 34,857-KA.
Court of Appeal of Louisiana, Second Circuit.
August 22, 2001.
Rehearing Denied September 20, 2001.
*47 Louisiana Appellate Project by Carey J. Ellis, III, Abita Springs, Counsel for Appellant.
Richard Ieyoub, Attorney General, Paul J. Carmouche, District Attorney, Joseph Walter Greenwald, Jr., Assistant District Attorney, Counsel for Appellee.
Before BROWN, WILLIAMS and DREW, JJ.
DREW, J.
A jury convicted Kenneth Wilson as charged on one count of first degree robbery, a violation of La. R.S. 14:64.1 punishable by not less than three years nor more than forty years without benefits. Thereafter, the trial court adjudicated defendant a fourth felony offender, imposed the mandatory sentence of life imprisonment and denied a timely motion for reconsideration. Wilson appeals both the conviction and his sentence. Defendant's specific complaint is that the state failed to prove the victim reasonably believed defendant was armed. Wilson also contends the state failed to prove that less than ten years elapsed between the earliest predicate conviction and the present offense. Finally, he argues that the court failed to adequately articulate its reasons for imposing the mandatory sentence.
The conviction for first degree robbery is vacated. We enter a conviction of simple robbery, a lesser included offense. La. C.Cr.P. art. 814(A)(23.1). The sentence is affirmed.

FACTUAL AND PROCEDURAL BACKGROUND
The record reflects that in April 2000 defendant robbed Tiffany Cone, a teller at Minden Bank and Trust, of cash while holding his hand in his jacket "like this." Cone used that description repeatedly at trial. The victim said she didn't know whether he had a weapon, but she wasn't threatened. The jury may have seen something that anyone would recognize as holding a weapon; however, the record does not demonstrate what "like this" is.

DISCUSSION

Sufficiency of the Evidence
Attacking the sufficiency of the evidence, the defendant urges that the state failed to prove that the victim reasonably believed Wilson was armed.[1] Although the record does not reflect that defendant filed a motion for a post-verdict judgment of acquittal pursuant to La. C.Cr.P. art. 821, this court will consider sufficiency arguments in the absence of such a motion. State v. Green, 28,994 (La.App.2d Cir.2/26/97), 691 So.2d 1273.
To convict the defendant of first degree robbery, the state had to prove beyond a reasonable doubt that defendant committed a robberythe taking of anything of value belonging to another from the person of anotherby the use of force or intimidation, when the offender led the victim to reasonably believe he was armed with a dangerous weapon. La. R.S. *48 14:64.1; State v. Jones, 31,613 (La.App.2d Cir.4/1/99), 733 So.2d 127, writ denied, 99-1185 (La.10/1/99), 748 So.2d 434. La. R.S. 14:64.1 states:
A. First degree robbery is the taking of anything of value belonging to another from the person of another, or that is in the immediate control of another, by use of force or intimidation, when the offender leads the victim to reasonably believe he is armed with a dangerous weapon.
B. Whoever commits the crime of first degree robbery shall be imprisoned at hard labor for not less than three years and for not more than forty years, without benefit of parole, probation or suspension of imposition or execution of sentence.
Defendant argues that the evidence does not prove the victim, Tiffany Cone, had a reasonable belief the defendant was armed with a dangerous weapon. The state argues that Cone's testimony supports her inference that defendant was armed.
Of the state's 14 trial witnesses, three persons were present at the robbery. The remaining witnesses saw defendant leaving the bank or were investigators who gave cumulative testimony.
The victim, Tiffany Cone, testified that on the date in question she was working at the bank as a teller. Defendant walked to the middle of the lobby and looked confused. Cone told another teller to take her large bills out of her drawer. Defendant was wearing clothing that wasn't appropriate for the weather. He passed a note to Cone which said, "This is a hold-up, 100s, 50s and 20s quick".
When asked if the defendant had been armed, Cone said "I wasn't for sure but I was [not] going to be the one who found out". He had his hand in his pocket. He had his hand "arched in his pocket". His hand was "in his pocket like this pulled up, upward, not where your hand would normally rest in your pocket and it was up to that area and I could see that from the counter."
Defendant took the money and left. Cone called her branch manager and told her to call 911. Cone stood up "and the expression on my face about said it all." No more information about this detail was elicited.
On cross-examination, Cone talked about her training on what to do in the event of a robbery. Consistent with her training, Cone assumed the defendant could have been armed. What he specifically did to cause Cone to think he "might" be armed was the way he never took his hand out of his pocket.
Defendant was holding his hand at the counter "right about like right here.... He had it up like this.... It was arched just like this. It was not resting on the counter, it was even with the counter. That's where I got the feeling that there could be something there but I was not for sure".
Cone agreed that when she was interviewed by police officers, she told them she didn't really think the defendant had a weapon. She remembered that she "didn't feel threatened" but she didn't want to find out if he had a weapon.
Later, Cone testified that she didn't tell the police the defendant wasn't armed. "I did not know if he had one or not. I did tell an officer I did not know whether or not he had one. I didn't feel threatened."
Another teller, Naomi Reeves, testified that she didn't see anything during the robbery which would cause her to think the defendant might have some sort of a weapon. She could only see his face.
Leslie Darden, another teller, testified that she saw Cone hand money to defendant. *49 Darden never saw the suspect with any weapon or anything that could be considered to be a weapon. She didn't see defendant do or say anything that could lead her to believe he might be armed with any type of weapon. In State v. Jones, supra, this court stated that direct testimony from the victim that he believed the defendant was armed or circumstantial inferences arising from the victim's immediate surrender of his possessions in response to the defendant's threats may support a conviction for first degree robbery. There, the victim did not state he thought one of the robbers had a weapon or that either robber did anything to make him believe a weapon was present. This court vacated the conviction for first degree robbery, but found the evidence, based in part on the defendant's statement showing intent to rob, sufficient to support a conviction for simple robbery.
The evidence here clearly shows the defendant committed a robbery. The victim didn't know whether defendant was armed or not. She didn't want to find out. She didn't feel "threatened". However, she was intimidated enough by the note which announced this was a holdup, and by the manner in which defendant held his hand, that she was persuaded to surrender money in her possession. In accord with State v. Jones, supra, the evidence is sufficient, beyond a reasonable doubt, to support only the responsive verdict of guilty of simple robbery.

Time Delays Between Predicate Offenses And Instant Offense
The Fourth Felony Offender Bill of Information alleged the following felony convictions:
1. October 10, 1988; Conviction after guilty plea to Count I of 2 count bill for middle-grade issuing worthless checks; First Judicial District Court, Caddo Parish Docket No. 139,531;
2. September 18, 1991; Conviction after guilty plea for illegal possession of stolen things (high-grade); First Judicial District Court, Caddo Parish Docket No. 153,931;
3. May 3, 1996; Conviction after guilty plea for middle-grade issuing worthless checks; First Judicial District Court, Caddo Parish Docket No. 179,048.
In pertinent part, La. R.S. 15:529.1(A)(1)(c)(ii) & (C) state:
(c) If the fourth or subsequent felony is such that, upon a first conviction the offender would be punishable by imprisonment for any term less than his natural life then:
. . .
(ii) If the fourth or subsequent felony or any of the prior felonies is a felony defined as a crime of violence under R.S. 14:2(13) or as a violation of the Uniform Controlled Dangerous Substances Law punishable by imprisonment for more than five years or of any other crime punishable by imprisonment for more than twelve years, the person shall be imprisoned for the remainder of his natural life, without benefit of parole, probation, or suspension of sentence.
. . .
C. This Section shall not be applicable in cases where more than ten years have elapsed since the expiration of the maximum sentence or sentences of the previous conviction or convictions, or adjudication or adjudications of delinquency, and the time of the commission of the last felony for which he has been convicted. In computing the period of time as provided herein, any period of servitude by a person in a penal institution, *50 within or without the state, shall not be included in the computation of any of said ten-year periods.[2]
Defendant complains he should not have been adjudicated a fourth felony offender because more than ten years had elapsed since the October 10, 1988 conviction. The defendant urges that the state failed to prove the date the defendant was discharged from custody or when the maximum sentence expired. In State v. Richardson, 91-2339 (La.App. 1st Cir.5/20/94), 637 So.2d 709, 714, the court explained that the date of actual discharge from the state's custody, whether extended through revocation or shortened by law due to "good time" diminution of the initial sentence is the controlling date for determination of the expiration of the predicate offence. Decided under the five-year cleansing period, Richardson, supra, held that when less than the applicable cleansing period had elapsed between each of the predicate felonies and the instant offense, the state need not prove the date of discharge on the earlier sentences. See also State ex rel. Clark v. Marullo, 352 So.2d 223, 230 (La.1977). Although the habitual offender adjudication was vacated on a finding of error patent, the court in State v. Barber, 94-0611 (La.App. 1st Cir.4/10/95), 654 So.2d 740, noted that it did not matter that more than the applicable cleansing period had elapsed between the older predicate offenses and the present offense, since the individual cleansing periods did not elapse between any of the offenses.
In this matter, less than ten years elapsed between each of these convictions and the subsequent conviction (1988, 1991, 1996, and 2000). Because defendant committed each of the felonies within less than ten years of his commission of the previous felony, the state did not have to prove the absence of a ten-year period between the first and the fourth felony convictions. This assignment has no merit.

Excessive Sentence
Defendant complains that when the court imposed sentence it only stated that he had been adjudged a fourth felony offender and that he would receive the mandatory sentence. Defendant also complains that his sentence is excessive, on the ground that he never caused any physical injury during the commission of any of his criminal activity.
Simple robbery is a crime of violence. La. R.S. 14:2(13)(y). Defendant, as an adjudicated fourth felony offender convicted of a crime of violence, faced a mandatory sentence of life imprisonment without benefits. La.R.S. 15:529.1(A)(1)(c)(ii).
Because the sentence imposed for this fourth habitual offender is statutorily prescribed, the trial court's compliance with La.C.Cr.P. art. 894.1 is not mandated. State v. Owens, 32,642 (La.App.2d Cir.10/27/99), 743 So.2d 890, writ denied, XXXX-XXXX (La.9/29/00), 769 So.2d 553; State v. Carlos Johnson, 31,448 (La.App.2d Cir.3/31/99), 747 So.2d 61, writ denied, 99-1689 (La.11/12/99), 749 So.2d 653; U.S. cert. denied.
Failure to articulate reasons for sentence when imposing a mandatory life sentence is not error. Articulating reasons or factors "would be an exercise in futility since the court has no discretion." State v. Williams, 445 So.2d 1264 (La.App. 3d Cir.), writ denied, 449 So.2d 1346 (1984).
Furthermore, because the habitual offender law is constitutional in its entirety, *51 the minimum sentences it imposes upon recidivists also are presumed to be constitutional. State v. Walter Johnson, 97-1906 (La.3/4/98), 709 So.2d 672.
To rebut this presumption, the defendant must clearly and convincingly show that he is exceptional, which in this context means that because of unusual circumstances this defendant is a victim of the legislature's failure to assign sentences that are meaningfully tailored to the culpability of the offender, the gravity of the offense, and the circumstances of the case. Id. No such evidence exists in this record.
The court was not required to articulate any more reasons than it did for imposing this mandatory sentence. Therefore, the court did not fail to adequately comply with the provision of La.C.Cr. P. art. 894.1. The sentence is not constitutionally excessive. Even with the reduced conviction of simple robbery, that still is a crime of violence and the mandatory life sentence is still valid. La. R.S. 15:529.1(A)(1)(c)(ii); La. R.S. 14:2(13)(y).

Error Patent Review
No error patent was noted.

Conclusion
While the evidence was insufficient to support the conviction for first degree robbery, the state proved beyond a reasonable doubt that the defendant was guilty of simple robbery. Defendant has failed to prove that more than the required time elapsed between convictions for purposes of the habitual offender adjudication. The mandatory sentence is not excessive; because it is a mandatory sentence, the trial court was not required to state any more reasons for sentence than were placed on the record.

DECREE
CONVICTION OF FIRST DEGREE ROBBERY VACATED AND SET ASIDE. A CONVICTION OF SIMPLE ROBBERY ENTERED. SENTENCE IS AFFIRMED.
APPLICATION FOR REHEARING
Before NORRIS, C.J., BROWN, WILLIAMS, CARAWAY, and DREW, JJ.
Rehearing denied.
NOTES
[1] The standard of appellate review for a sufficiency of evidence claim is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); State v. Bosley, 29,253 (La.App.2d Cir.4/2/97), 691 So.2d 347, writ denied, 97-1203 (La.10/17/97), 701 So.2d 1333.
[2] The statute's former five-year cleansing period was raised to seven years by Act 85 of the 3d Ex. Session, 1984 and to ten years by Act 839, 1985.