# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 17-944

**STATE OF LOUISIANA**

**VERSUS**

**DUDLEY MELANCON, JR.**
**-AKA- DUDLEY MELANCON**

\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
FOURTEENTH JUDICIAL DISTRICT COURT
PARISH OF CALCASIEU, NO. 20942-16
HONORABLE DAVID ALEXANDER RITCHIE, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

**SHANNON J. GREMILLION**
**JUDGE**

\*\*\*\*\*\*\*\*\*\*

Court composed of Shannon J. Gremillion, Phyllis M. Keaty, and D. Kent Savoie, Judges.

**CONVICTION AND SENTENCE AFFIRMED.**

**John F. DeRosier**
**Fourteenth Judicial District Attorney**
**Carla S. Sigler**
**Assistant District Attorney**
**Elizabeth B. Hollins**
**Assistant District Attorney**
**901 Lakeshore Drive, Suite 800**
**Lake Charles, LA 70601**
**(337) 437-3400**
**COUNSEL FOR APPELLEE:**
      **State of Louisiana**

**Paula C. Marx**
**Louisiana Appellate Project**
**P. O. Box 82389**
**Lafayette, LA 70598-2389**
**(337) 991-9757**
**COUNSEL FOR DEFENDANT/APPELLANT:**
      **Dudley Melancon, Jr.**

**GREMILLION, Judge.**

Defendant, Dudley Melancon Jr., was charged as a habitual offender on December 27, 2016. The bill of information alleged Defendant was previously convicted of second degree battery, a violation of La.R.S. 14:34.1, on March 9, 2009, and of simple robbery, violations of La.R.S. 14:65, on September 15, 2015, and on August 31, 2016.[1] The August 31, 2016 conviction for simple robbery is now pending before this court in docket number 17-943. All three felonies are statutorily identified as crimes of violence. La.R.S. 14:2(B)(6) and (23).

At the March 24, 2017 hearing on the habitual offender bill, appointed counsel requested the trial court defer the matter pending appellate resolution of both simple robbery convictions. The trial court denied the request and sentenced Defendant to life imprisonment without benefit of probation, parole, or suspension of sentence.

Defendant filed a pro se motion to reconsider his sentence on May 5, 2017, on grounds his September 29, 2015 conviction in St. Landry Parish was the subject of a pending appeal. The trial court denied the motion in written reasons on August 14, 2017. Defendant now seeks review of his habitual offender adjudication and his statutorily-mandated life sentence.

## ASSIGNMENT OF ERROR NUMBER ONE

Defendant argues the trial court erred in sentencing him to life in prison without benefit of probation, parole, or suspension of sentence where his predicate offenses are simple robbery and second degree battery, with imposed sentences of no more than seven years at hard labor. Defendant presented no witnesses at the habitual offender hearing.

---

[1] This court's opinion in *State v. Melancon*, 16-191 (La.App. 3 Cir. 12/7/16), 208 So.3d 400, *writ denied*, 17-26 (La. 9/15/17), 225 So.3d 485, shows the date of one of Defendant's simple robbery convictions as September 29, 2015.

Louisiana Revised Statutes 15:529.1(A)(3)(b) provides that a third felony offender "shall be imprisoned for the remainder of his natural life, without benefit of parole, probation, or suspension of sentence" when the three felonies are classified as crimes of violence pursuant to La.R.S. 14:2(B). Simple robbery and second degree battery are classified as crimes of violence. La.R.S. 14:2(B)(23) and (6). Thus, La.R.S. 15:529.1 requires Defendant to be sentenced to life imprisonment without benefits.

Although a trial court should give great deference to a statutory sentence, it may:

> declare a sentence excessive under Article I, Section 20 of the Louisiana Constitution, although it falls within the statutory limits provided by the Legislature. *State v. Sepulvado*, 367 So.2d 762, 767 (La.1979). In *State v. Dorthey, supra,* this Court recognized that this power extends to the minimum sentences mandated by the Habitual Offender Law. *Id.* at 1280-81. However, this power should be exercised only when the court is clearly and firmly convinced that the minimum sentence is excessive.

*State v. Johnson*, 97-1906, p. 6 (La. 3/4/98), 709 So.2d 672, 676. The trial court may only depart from the statutory minimum "if it finds that there is clear and convincing evidence" to rebut a "presumption of constitutionality." *Id.* The non-violent nature of a defendant's criminal history by itself does not rebut that presumption. In order for a defendant to rebut the presumption, he must clearly and convincingly show that:

> [he] is exceptional, which in this context means that because of unusual circumstances this defendant is a victim of the legislature's failure to assign sentences that are meaningfully tailored to the culpability of the offender, the gravity of the offense, and the circumstances of the case.

*Young*, 94-1636 at pp. 5-6, 663 So.2d at 528. (Plotkin, J., concurring). Further, "the trial judge must also keep in mind the goals of the Habitual Offender Law . . . to deter and punish recidivism." *Johnson*, 709 So.2d at 677. Once the trial

2

court determines that a sentence is excessive, it "must sentence the defendant to the longest sentence which is not constitutionally excessive . . . . [and] articulate specific reasons why the sentence he imposes instead of the statutory mandatory minimum is the longest sentence which is not excessive under the Louisiana Constitution." *Id.* The *Johnson* court determined the defendant did not bear his burden of proving by clear and convincing evidence that his sentence was excessive, and it remanded the matter for resentencing to the statutorily-mandated term.

Defendant pled guilty to second degree battery in Lafayette Parish and was sentenced to five years at hard labor on March 9, 2009, as the result of an incident on November 1, 2008. Lieutenant Judith Estorge of the Lafayette Police Department testified that Defendant ordered a gunman to shoot the victim during an attempted drug deal. When the victim unsuccessfully tried to exchange a watch and money for drugs, Defendant told the shooter, "That's bull shit. Pop him." Lieutenant Estorge testified the victim was in the driver's seat of a vehicle, and he had a passenger with him. As he drove away from the scene, he was hit twice in the back.

According to the plea agreement, the sentence was to run concurrently to a sentence on a prior conviction for aggravated assault, a misdemeanor. Apparently, Defendant was placed on probation for second degree battery; documents submitted during the habitual offender hearing showed his probation was revoked on July 21, 2009.

Defendant was charged with first degree robbery in St. Landry Parish as the result of an incident on December 30, 2013. He drove a getaway car for another man who gave a note to a truck stop casino cashier, demanded money, and robbed her of approximately $1,800. This was almost the exact amount found on Defendant at the time of his arrest. *State v. Melancon*, 16-191 (La.App. 3 Cir. 12/7/16), 208 So.3d 400, *writ denied*, 17-26 (La. 9/15/17), 225 So.3d 485. He was convicted by a

jury on September 29, 2015, of simple robbery (as a principal) and sentenced to five years at hard labor.

At the March 24, 2017 habitual offender hearing, however, Glen Marcantel of the St. Landry Parish District Attorney's Office testified he prosecuted Defendant, who "went into a casino and he presented a cashier with a note saying give me everything or you'll be dead, something to that effect." No evidence was submitted on Defendant's behalf to show this court's opinion portrayed a different set of facts. Additionally, Angela Aymond of the Probation and Parole Department testified at the hearing that Defendant voluntarily revoked his parole after he was arrested on the St. Landry Parish charge.

Defendant was next charged with first degree robbery in Calcasieu Parish after an incident on May 7, 2014. He robbed the victim of a bank bag and its contents. He never contested the fact he committed a simple robbery; he went to trial to defend the allegation that he led the victim to believe he had a dangerous weapon. A jury rendered a responsive verdict of guilty of simple robbery on August 31, 2016. The trial court sentenced Defendant to serve seven years at hard labor, with credit for time served and to run concurrently to any other sentence Defendant may have been serving at the time. The conviction led to the filing of the habitual offender bill seeking to adjudicate Defendant a third felony offender.

At the habitual offender hearing, Defendant argued for a downward departure from the mandatory life sentence pursuant to *State v. Dorthey*, 623 So.2d 1276 (La.1993). He noted that he was never proven to have a weapon in any of the three crimes. Further, he contended his life imprisonment would impose an undue financial burden on Louisiana taxpayers. While he believed the legislative purpose would be served by sentencing him "to a lengthy prison sentence," he thought a life

sentence would be excessive, one that shocks the conscience, and "simply vengeance[.]" He offered no witness testimony or any other evidence.

The State, on the other hand, noted the plain language of the habitual offender statute that requires a life sentence after the third felony involving a crime of violence. Counsel noted Defendant's willingness to instruct his accomplice to kill a victim who was actually shot twice. He noted Defendant had been incarcerated much of the time between the predicate offenses.

Defendant cites *State v. Wilson*, 37,555 (La.App. 2 Cir. 11/6/03), 859 So.2d 957, *writ denied*, 03-3232 (La. 6/4/04), 876 So.2d 73, to support his argument for a less-than-life sentence. The defendant in *Wilson* was convicted of first degree robbery as his fourth felony offense. However, his three prior felonies were non-violent crimes for issuing worthless checks and for illegal possession of stolen things. Those offenses led to sentences of six months, ten months, and two years. The six-month sentence and the two-year sentence were suspended and revoked for failure to report to the probation officer, and the ten-month sentence was ordered to be served concurrently. The defendant was forty-two years old and homeless. He was depressed about the death of his son in a train accident approximately nine months prior to the robbery. The defendant had a history of drug and alcohol abuse. He was drunk when he committed the robbery, and he "felt 'hopeless.'" *Id.* at 964. His victim never felt threatened by him.

The second circuit found "a sentence less than life would afford him at least some opportunity to overcome his problems while incarcerated and offer him a modicum of hope." *Id.* The court considered the taxpayer cost of life imprisonment would only increase as the defendant aged. Based on "clear and convincing evidence that this defendant is a victim of the legislature's failure to assign sentences that are meaningfully tailored to the culpability of the offender, the gravity of the offense,

5

and the circumstances of the case[,]" the court vacated his life sentence and remanded the matter to the trial court for resentencing. *Id*.

Defendant's situation here is distinguishable from *Wilson*, 859 So.2d 957. Defendant, twenty-nine years old, merely argued the financial burden on the taxpayers is too great to support a life sentence. He offered no evidence to show he was exceptional or the product of any unusual circumstances. In the second degree battery conviction, the victim and his passenger were placed in great danger by the actions of Defendant and his accomplice. Defendant apparently received probation as a result of this violent crime, but he failed to take advantage of that opportunity to change his life. Defendant acted as a principal to a casino robbery during his second felony, the first simple robbery offense. Defendant's victim in his third felony, another simple robbery less than six months after the casino robbery, testified that Defendant said he was going to kill her. She said, "He made me believe that I was gonna [sic] die."

Accordingly, Defendant has shown no justification for a downward departure from the mandatory life sentence required for a third felony offender convicted of three crimes of violence.

### ASSIGNMENT OF ERROR NUMBER TWO

Defendant also contends the trial court erred in denying his motion to continue the habitual offender hearing and sentencing. He claims the trial court should have granted a continuance to protect his rights.

A discussion occurred at the beginning of the hearing about who actually represented Defendant. A representative of Defendant's previously-hired counsel explained a fee dispute had arisen between counsel and Defendant's mother. The trial court noted that the Public Defender's Office was appointed prior to the hearing,

and he felt that appointment resolved the issue of who represented Defendant at the hearing.

Appointed counsel then asked the trial court to defer the hearing pending resolution of Defendant's writ application to the Louisiana Supreme Court concerning his St. Landry Parish conviction for simple robbery. The trial court refused to delay the hearing for that purpose and noted Defendant's objection.

Defendant never indicated any other reason to continue the hearing. In his appeal, he identifies no problem with his representation, no rights violated by going forward with the hearing, and no resulting prejudice. Since that hearing, the Louisiana Supreme Court has denied Defendant's writ application on the first simple robbery conviction. *Melancon*, 225 So.3d 485.

Defendant has failed to show how any of his rights were denied or how any prejudice resulted from the failure to grant a continuance of the hearing. This assignment of error lacks merit.

## DECREE

Defendant's adjudication as a third felony offender and his mandatory life sentence are affirmed.

**CONVICTION AND SENTENCE AFFIRMED**.