848 So.2d 672 (2003)
STATE of Louisiana
v.
Michael COMBS.
No. 2002-KA-1920.
Court of Appeal of Louisiana, Fourth Circuit.
May 21, 2003.
Eddie J. Jordan, Jr., District Attorney, Donna R. Andrieu, Assistant District Attorney, New Orleans, LA, for Plaintiff/Appellee.
Christopher A. Aberle, Louisiana Appellate Project, Mandeville, LA, for Defendant/Appellant.
(Court composed of Chief Judge WILLIAM H. BYRNES III, Judge TERRI F. LOVE and Judge EDWIN A. LOMBARD).
WILLIAM H. BYRNES III, Chief Judge.

STATEMENT OF THE CASE
Michael R. Combs was charged with two violations of La. R.S. 40:967(A), possession of cocaine with intent to distribute and distribution of cocaine. He plead guilty at his arraignment and the trial court found probable cause and denied his motion to suppress evidence. After a jury trial on March 17, 1999, he was found guilty as charged on each count. The state filed a multiple bill, and, after hearing, the court found Mr. Combs to be a third felony offender. He was sentenced as such to life imprisonment at hard labor without benefit of parole, probation, or suspension of sentence. Mr. Combs appealed, arguing that his sentence was excessive. In an *673 unpublished opinion, this Court affirmed his convictions and vacated his sentence, remanding the case for resentencing. State v. Combs, XXXX-XXXX (La.App. 4 Cir. 3/14/01), 793 So.2d 570.
The facts of the case, as presented in the earlier appeal are as follows:
At trial Officer Terry St. Germain testified that he was working as an undercover officer on July 6, 1997; about 2:20 p.m. while driving in the 3400 block of Liberty Street, the officer was approached by the defendant, and they negotiated a purchase of a twenty-dollar rock of cocaine. The defendant walked around the corner to a blue car parked on Delachaise Street. The officer could see him reach into the car and accept something from a person in the car. When the defendant returned, he said he had only thirty-dollar pieces of crack cocaine, and the officer agreed to buy one. Officer St. Germain paid in marked bills of ten and twenty dollars. The car the officer was driving had video and audio capability, and thus his backup team was able to see and hear the transaction.
After the sale, the officer drove away and, while doing so, radioed a description of the defendant, his clothes, and his position to the backup team. The video was played for the jury. The officer identified Combs in court as the man who sold him the thirty-dollar rock of cocaine.
Sergeant Tami Guerrera [footnote omitted], who was Officer St. Germain's partner on July 6, 1997, testified that when Combs approached them, they first requested a ten-dollar rock of cocaine, but Combs said he had twenties, and then he eventually sold them a thirty-dollar "slab" rather than a ten or twenty-dollar rock.
Officer Michael Montalbano testified that he participated in the arrest of the defendant. He too was wearing plain clothes and driving an unmarked vehicle. After hearing via the radio a description of the narcotics vendor and that the sale was complete, he drove into the area and arrested Michael Combs. As the officer stopped his car, Combs was standing next to the blue car parked on Delachaise and handing money to the man in the car. When Combs was searched incident to his arrest, he was found to be carrying a plastic bag containing six pieces of a white substance appearing to be crack cocaine. Each piece was individually wrapped.
Officer William Gibling, an expert in the analysis of controlled, dangerous substances, testified that he tested the rocks taken from the defendant and found them to be cocaine.
State v. Combs, XXXX-XXXX, pp. 2-4 (La. App. 4 Cir. 3/14/01), 793 So.2d 570.
On April 18, 2001, the trial court, following this Court's instructions, held an evidentiary hearing to determine if the life sentence imposed on the defendant was constitutionally excessive and also to sentence him on the second count on which he was convicted. The defendant and Sidney Combs, his brother, testified. On May 9, 2001, the trial court found that the defendant had failed to prove the life sentence excessive in his case and sentenced him to life imprisonment without benefits on the possession of cocaine with intent to distribute conviction and to seven and one-half years on the distribution conviction.

STATEMENT OF FACTS ADDUCED AT RE-SENTENCING EVIDENTIARY HEARING
At the resentencing hearing the defendant's brother, Sidney Combs, testified that his mother and two sisters had been present for the hearing but had to leave *674 because they were due at work. Defense counsel gave the court correspondence from the defendant's mother, two sisters and a brother. None of these letters is part of the record. The originals were lost and the defense attorney had not made copies.
Sidney Combs told the court that the defendant had been a drug addict for five or six years prior to his arrest. The family was unable to help Michael during that time because of many other problems, including the death of one of their sisters as well as the death of Michael's daughter. Since then Sidney Combs has obtained a well-paying job, and declared that he was willing to help his brother. Combs stated that he knew only that his brother was a consumer of drugs and never realized that he sold them. The defendant always had a job and supported his two sons. Sidney Combs told the court that he hoped his brother had learned a lesson and would get a second chance.
Michael Combs testified that he had used drugs for eight or nine years prior to his arrest in 1997. During some of that time he worked as part of the cleanup crew at a restaurant in the French Quarter. He made $4.75 per hour, and his wages were garnished to support two sons who lived in Slidell. He could not afford to buy cocaine and obtained it by working as a drug runner. He was paid only in the drug. The thirty-three year old defendant has been incarcerated since 1997, and testified that he has not used drugs during that time. However, as a life offender, he cannot take part in the GED or Blue Waters programs offered in prison. He has never been charged with a violent offense or possession of a weapon. FIRST AND SECOND ASSIGNMENTS OF ERROR: The trial court erred in sentencing defendant to life imprisonment; this sentence constituted cruel and usual punishment.
In State v. Rice, XXXX-XXXX, p. 5-6, (La. App. 4 Cir. 1/16/02), 807 So.2d 350, 354, writ denied, XXXX-XXXX (La.9/13/02), 824 So.2d 1186, this Court reviewed the nature of the habitual felony offender sentencing scheme and the standard for departing therefrom:
Even though a sentence under the Habitual Offender Law is the minimum provided by that statute, the sentence may still be unconstitutionally excessive if it makes no measurable contribution to acceptable goals of punishment, or is nothing more than the purposeful imposition of pain and suffering and is grossly out of proportion to the severity of the crime. State v. Johnson, 97-1906, pp. 6-7 (La.3/4/98), 709 So.2d 672, 677; State v. Dorthey, 623 So.2d 1276, 1280-81 (La.1993). However, the entire Habitual Offender Law has been held constitutional, and, thus, the minimum sentences it imposes upon habitual offenders are also presumed to be constitutional. Johnson, 97-1906, pp. 5-6, 709 So.2d at 675; see also State v. Young, 94-1636, p. 5 (La.App. 4 Cir. 10/26/95), 663 So.2d 525, 527. There must be substantial evidence to rebut the presumption of constitutionality. State v. Francis, 96-2389, p. 7 (La.App. 4 Cir. 4/15/98), 715 So.2d 457, 461. To rebut the presumption that the mandatory minimum sentence is constitutional, the defendant must show by clear and convincing evidence that he is exceptional, which in this context means that because of unusual circumstances he is a victim of the legislature's failure to assign sentences that are meaningfully tailored to the culpability of the offender, the gravity of the offense, and the circumstances of the case. State v. Lindsey, 99-3256, p. 5 (La.10/17/00), 770 So.2d 339, 343; Johnson, 97-1906, p. 8, 709 So.2d at 677. Departures downward from the minimum sentence under *675 the Habitual Offender Law should occur only in rare situations. Id.

As a result of his earlier appeal, this defendant was granted an evidentiary hearing in order to prove that he is exceptional, his circumstances unusual, and therefore, his culpability less than what the legislature envisioned when the sentence was set. At the hearing the judge who had presided at trial heard the evidence offered as to the defendant's background, his family, his employment history, and his criminal activity. The judge concluded that she was not persuaded to deviate from the law.
We find in this case substantial evidence to rebut the presumption that the mandated sentence is constitutional. This case is very similar to State v. Burns, 97-1553 (La.App. 4 Cir. 11/10/98), 723 So.2d 1013, where this Court vacated a young fourth offender's life sentence after concluding that the sentence was excessive as applied to that particular defendant. The defendant in Burns was convicted of distributing one rock of cocaine, and had two prior convictions for possession of cocaine and one for possession of stolen property. He admitted to being addicted to cocaine. This Court found that his age (twenty-five), his family support, his addiction, his non-violent history, and the fact that he had not possessed a weapon were mitigating factors. After concluding that the sentence was excessive, this Court remanded the case for resentencing in accordance with the opinion.
Similarly, the defendant in the instant case was thirty-two when he was convicted. Like the defendant in Burns he has a supportive family who want to help him. The extent of their help cannot be reviewed by this Court because the four letters from the defendant's family that were entered into evidence at the evidentiary hearing have been lost. However, the defendant's brother testified to his willingness to help, and his mother, sister, and another brother were prepared to testify on his behalf but had to leave court to go to work. Michael Combs, like the Burns defendant, was not in possession of a weapon when arrested, had no money in his possession, and was only a "petty street drug pusher" and not a "major drug dealer." See State v. Burns, 723 So.2d at 1019.
Moreover, the defendant is a non-violent offender. In State v. Johnson, 97-1906 (La.3/4/98), 709 So.2d 672, 676, the court held that the fact that defendant's felonies are non-violent is not sufficient in and of itself to prove the sentence mandated by the Habitual Offender Law is excessive. However, the court also noted that, "the classification of a defendant's instant or prior offenses as non-violent should not be discounted ..." Id. Thus, this mitigating factor can be considered.
The defendant's prior offenses are a conviction for forgery in 1986, for possession of cocaine in 1996, and for the current offenses in 1999. He has admitted to his addiction, and he was employed prior to his incarceration. Furthermore, because of a change in the Habitual Offender Law since his conviction, he would not qualify for a life term under current law.[1]
The life sentence imposed on this third offender is not proportionate to the crimes for which he was convicted. That sentence "makes no measurable contribution to acceptable *676 goals of punishment" and "is nothing more than the purposeless imposition of pain and suffering." State v. Johnson, 97-1906 (La.3/4/98), 709 So.2d at 677. We find that the defendant merits serious punishment, but he does not deserve life imprisonment and could benefit from the GED and Blue Waters programs if available. Therefore, we vacate the defendant's life sentence and remand the case for resentencing in accordance with this opinion.
This assignment of error has merit.
Because of our disposition of the defendant's first and second assignments of error, the remaining assignments are moot.

CONCLUSION AND DECREE
Accordingly, for reasons cited above, we affirm the defendant's seven and one-half year sentence on the distribution conviction. We vacate the defendant's life sentence as a multiple offender and remand the case for resentencing consistent with this opinion.
SEVEN AND ONE-HALF YEAR SENTENCE ON DISTRIBUTION CHARGE AFFIRMED; LIFE SENTENCE VACATED; CASE REMANDED FOR RESENTENCING.
NOTES
[1] La. R.S. 15:529.1(A)(1)(b)(ii), as it existed at the time of the offense, provided that when the third felony or either of the prior felonies is a violation of the Uniform Controlled Dangerous Substance Law punishable by imprisonment for more than five years, the sentence is life imprisonment at hard labor without benefits. Under the current law such a sentence can be imposed only if all of the three of the drug offenses are punishable by ten year or more.