# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 16-211

**STATE OF LOUISIANA**

**VERSUS**

**WILLIAM CHESTER FARRY JR.**
**A/K/A WILLIAM CHESTER FARRY**
**A/K/A WILLIAM C. FARRY**
**A/K/A WILLIAM FARRY**

\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
FOURTEENTH JUDICIAL DISTRICT COURT
PARISH OF CALCASIEU, NO. 17654-15
HONORABLE DAVID ALEXANDER RITCHIE, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

**D. KENT SAVOIE**
**JUDGE**

\*\*\*\*\*\*\*\*\*\*

Court composed of Ulysses Gene Thibodeaux, Chief Judge, Shannon J. Gremillion, and D. Kent Savoie, Judges.

**CONDITIONALLY AFFIRMED WITH INSTRUCTIONS.**

**John Foster DeRosier**
**District Attorney**
**Karen McLellan**
**Ross M. Murray**
**Carla S. Sigler**
**Assistant District Attorneys**
**Fourteenth Judicial District Court**
**Post Office Box 3206**
**Lake Charles, LA 70602-3206**
**(337) 437-3400**
**COUNSEL FOR APPELLEE:**
    **State of Louisiana**

**Chad M. Ikerd**
**Louisiana Appellate Project**
**Post Office Box 2125**
**Lafayette, LA 70502**
**(225) 806-2930**
**COUNSEL FOR DEFENDANT/APPELLANT:**
    **William Chester Farry Jr.**

**WILLIAM CHESTER FARRY JR.**
**A/K/A WILLIAM CHESTER FARRY**
**A/K/A WILLIAM C. FARRY**
**A/K/A WILLIAM FARRY**
**General Population**
**Louisiana State Prison**
**Angola, LA 70712**

**SAVOIE, Judge.**

The Defendant, William Farry, was convicted by a jury of armed robbery, a violation of La.R.S. 14:64. The State charged the Defendant as a habitual offender pursuant to La.R.S. 15:529.1. The trial court found the Defendant to be a third habitual offender and sentenced him to life imprisonment.

The Defendant appeals his habitual offender sentence and assigns the following errors:

> 1. The trial court failed to properly consider whether a life sentence was appropriate in this case because the court assumed it did not have discretion sentencing.
>
> 2. The trial court failed to issue written reasons for the Defendant's sentence, as is required by the habitual offender statute, and failure to do so in this case is not harmless error.
>
> 3. The trial court erred by not granting the Defendant's pro se motion for a new trial on the grounds of ineffective assistance of counsel for failure to object or to file a motion to reconsider sentence.

For the following reasons, the Defendant's sentence is conditionally affirmed with the below instructions.

## FACTS

In May 2009, William Farry entered James Fodrie's home armed with a baseball bat. He took $15.00, a gun, and a coin bag containing mostly German coins and currency. The Defendant was convicted of armed robbery, a violation of La.R.S. 14:64. The conviction was affirmed in the companion case, *State v. Farry*, 16-210.

## ERRORS PATENT

In accordance with La.Code Crim.P. art. 920, all appeals are reviewed for errors patent on the face of the record. After reviewing the record, we find there are no patent errors.

In assignment of error number one, the Defendant contends that the trial court failed to properly consider whether a life sentence was appropriate in this case because the court assumed that, since the Defendant was a third felony offender, it did not have sentencing discretion.

In this case, the Defendant's attorney did not request a downward departure objection on that basis or move to reconsider sentence, and the trial court did not find a downward departure was warranted on its own. The State citing *State v. Watson,* 15-392 (La.App. 3 Cir. 10/7/15), 175 So.3d 1192, properly asserts that, since the Defendant failed to raise this alleged error in the trial court, it is waived on appeal. However, the Defendant contends his attorney was ineffective for failing to object or file a motion to reconsider sentence on this ground.

In *State v. Christien,* 09-890, p. 7 (La.App. 3 Cir. 2/3/10), 29 So.3d 696, 701, the court explained in pertinent part:

> A claim for ineffective assistance of counsel is properly raised in an application for post-conviction relief because this allows the trial court to order a full evidentiary hearing on the matter. *State v. Burkhalter*, 428 So.2d 449 (La.1983). However, where the record contains sufficient evidence to decide the issue, and the issue is raised by an assignment of error on appeal, it may be considered by the appellate court. *State v. Tapp*, 08-1262 (La.App. 3 Cir. 4/1/09), 8 So.3d 804; *See also State v. James*, 95-962 (La.App. 3 Cir. 2/14/96), 670 So.2d 461.

In *State v. Cotton*, 09-2397 (La. 10/15/10), 45 So.3d 1030, the supreme court held that ineffective assistance of counsel claims regarding sentencing are precluded from review on post-conviction. The court wrote in pertinent part:

> An [sic] habitual offender adjudication thus constitutes sentencing for purposes of [*State ex rel.*] Melinie [*v. State*, 93-1380 (La.1/12/96), 665 So.2d 1172], and La.C.Cr.P. art. 930.3, which provides no vehicle for post-conviction consideration of claims arising out of habitual

2

offender proceedings, as opposed to direct appeal of the conviction and sentence. La.C.Cr.P. art. 912 (C)(1)(defendant may appeal from a judgment "which imposes sentence"). A fortiori, respondent's claim that he received ineffective assistance of counsel at his habitual offender adjudication is not cognizable on collateral review so long as the sentence imposed by the court falls within the range of the sentencing statutes. *Cf*. La.C.Cr.P. art. 882.

*Id*. at 1030-31. Furthermore, in *State v. Paulson*, 15-454, pp. 9-10 (La.App. 4 Cir. 9/30/15), 177 So.3d 360, 367, the court explained in pertinent part:

Generally, ineffective-assistance-of-counsel claims are more properly raised in an application for post-conviction relief where the district court can conduct a full evidentiary hearing on the matter, if one is warranted. *See State v. Leger*, 05-0011, p. 44 (La.7/10/06), 936 So.2d 108, 142; *see also State v. Small*, 13-1334, p. 13 (La.App. 4 Cir. 8/27/14), 147 So.3d 1274, 1283. Nevertheless, where the record contains evidence sufficient to decide the issue, and it is raised on appeal by an assignment of error, courts may consider the issue in the interest of judicial economy. *See Leger*, 05-0011, p. 44, 936 So.2d at 142. A claim of ineffective assistance of counsel at sentencing, however, is not cognizable on collateral review, when, as here, the sentence imposed by the trial judge is within the authorized range of the sentencing statutes. *See State v. Thomas*, 08-2912 (La.10/16/09), 19 So.3d 466 ("relator's claims that the court imposed an excessive sentence and *that he received ineffective assistance of counsel at sentencing* are not cognizable on collateral review") (emphasis added). The Louisiana Supreme Court has held that La. C.Cr.P. art. 930.3, which sets forth the grounds upon which post-conviction relief may be granted, "provides no basis for review of claims of excessiveness or other sentencing error post-conviction." *State ex rel. Melinie v. State*, 93-1380 (La.1/12/96), 665 So.2d 1172; *see also State v. Cotton*, 09-2397, p. 2 (La.10/15/10), 45 So.3d 1030, 1031 (per curiam) (claim that counsel rendered ineffective assistance at habitual offender adjudication is not cognizable on collateral review so long as sentence imposed falls within range of sentencing statute).

Therefore, because Mr. Paulson's ineffective-assistance-of-counsel-at-sentencing claim is not cognizable in a post-conviction proceeding, and because the record provides sufficient evidence to decide the issue, we must consider his ineffectiveness claim on direct review. *Cf. State v. Boyd*, 14-0408, pp. 8-9 (La.App. 4 Cir. 2/11/15), 164 So.3d 259, 264 (finding ineffective-assistance-of-counsel-at-sentencing claim cognizable on direct review, but remanded for evidentiary hearing because record was insufficient to decide issue).

Since this claim cannot be relegated to post-conviction relief, we will review

3

it on appeal.

In order to prove an attorney was ineffective, a defendant must show his attorney was deficient, and he was prejudiced by the deficiency. *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052 (1984).

As noted above, the Defendant was adjudicated as a third felony offender pursuant to La.R.S. 15:529.1(A)(b)(ii), which provides for a mandatory sentence of life imprisonment without the benefit of probation, parole or suspension of sentence. The Defendant contests the mandatory sentence and argues in pertinent part:

> Here, the trial court felt it had no authority to even consider a sentence other than life, and thus did not entertain arguments about whether the statutorily prescribed sentence was constitutional in this case. As such, the court did not mention the aggravating or mitigating factors in this case, as per La. C. Cr. P. art. 894.1. The trial court never expressed whether it considered: the fact that William's two prior felony convictions were for the non-violent crime of Simple Burglary, the fact that no one was hurt in this case, or that a firearm was not used. *See State v. Hayes*, 97-1526 (La. App. 1 Cir. 6/25/99); 739 So. 2d 301, 303-04 (finding that under the *Johnson* analysis, a life sentence for a Third Felony Offender with prior non-violent theft related crimes was constitutionally excessive in that case).
>
> The trial court never considered whether a downward deviation was warranted under *Dorthey* in this case. Therefore, even if the court finds evidence was sufficient in this case to support William's conviction in KA-16-0210, William's case should be sent back to the trial court for a new sentencing hearing so the trial court can consider arguments regarding whether a life sentence in this case was constitutional or not. *See, e.g., State v. Sims*, 13-0177 (La. App. 4 Cir. 8/28/13); 123 So. 3d 806, 814.

Thus, the Defendant requests this matter be remanded to the trial court for a hearing on whether or not a downward deviation was warranted pursuant to *State v. Dorthey*, 623 So.2d 1276 (La.1993).

The State responds in pertinent part:

4

Because there was no reasonable probability that the trial court would have reduced the Defendant's sentence had defense counsel objected or filed a motion to reconsider sentence, the defendant did not receive ineffective assistance of counsel. The State has already established that the Defendant was appropriately sentenced and not entitled to a deviation from the mandatory sentence.

In *Dorthey*, 623 So.2d 1276, the state appealed a judgment of the Orleans Parish Criminal District Court holding that the Habitual Offender Statute, La.R.S. 15:529.1, was unconstitutional because it violated the separation of powers clause of the 1974 Louisiana Constitution. The Defendant sought a downward departure from the statutory mandatory minimum. The supreme court found La.R.S. 15:529.1 was not unconstitutional, but the defendant's habitual offender sentence should be remanded to the trial court for a hearing. The court explained:

> [W]e recognize that the review of sentencing, including sentencing under R.S. 15:529.1, is a long established function of the judicial branch. Accordingly, Louisiana's judiciary maintains the distinct responsibility of reviewing sentences imposed in criminal cases for constitutional excessiveness. *State v. Sepulvado*, 367 So.2d 762 (La.1979). According to *Sepulvado*, the 1974 Louisiana Constitution, Article I, Section 20 "'gives the courts, in the exercise of their judicial power, a basis for determining that sentences, whether fine, imprisonment or otherwise, though not cruel or unusual, are too severe as punishment for certain conduct and thus unconstitutional. It is a basis for extending the court's control over the entire sentencing process.'" *Id*. at 766, *citing* "The Declaration of Rights of the Louisiana Constitution of 1974", 35 La.L.Rev. 1, 63 (1974). Thus, "[t]he imposition of a sentence, although within the statutory limit, may violate a defendant's constitutional right against excessive punishment . . ." *Id*. at 767. Accordingly, under the 1974 Constitution "the excessiveness of a sentence becomes a question of law reviewable under the appellate jurisdiction of this court." *Id*. at 764.

> "A punishment is constitutionally excessive if it makes no measurable contribution to acceptable goals of punishment and is nothing more than the purposeless imposition of pain and suffering and is grossly out of proportion to the severity of the crime." *State v. Scott*, 593 So.2d 704, 710 (La.App. 4th Cir.1991); *State v. Lobato*, 603 So.2d 739, 751 (La.1992).

> The record indicates that the trial judge had difficulty imposing a twenty year sentence on a twenty seven year old crack cocaine

addict simply because he had been convicted for a fourth time for possession of cocaine. If, in this case when defendant is ultimately sentenced, the trial judge were to find that the punishment mandated by R.S. 15:529.1 makes no "measurable contribution to acceptable goals of punishment" or that the sentence amounted to nothing more than "the purposeful imposition of pain and suffering" and is "grossly out of proportion to the severity of the crime", he has the option, indeed the duty, to reduce such sentence to one that would not be constitutionally excessive. Accordingly, we will remand this case to the district court for resumption of its multiple bill proceedings, for its determination as to whether the minimum sentence mandated for this habitual criminal defendant by virtue of R.S. 15:529.1 for simple possession of cocaine is constitutionally excessive as applied to this particular defendant, and for appropriate sentencing.

*Id*. at 1280-81(footnotes omitted).

In *State v. Cole*, 12-1404 (La.App. 3 Cir. 4/24/13), 156 So.3d 75, the defendant was found guilty of armed robbery. He was adjudicated as a fourth felony habitual offender. The trial court deviated below the mandatory minimum sentence of ninety-nine years imprisonment and sentenced the defendant to ten years at hard labor. The State appealed. This court vacated the trial court's sentence writing in pertinent part:

> In *State v. Johnson*, 97-1906, pp. 6-9 (La.3/4/98), 709 So.2d 672, 676-77, the Louisiana Supreme Court discussed downward departures as follows:
>
> > In *State v. Dorthey*, [623 So.2d 1276 (La.1993),] this Court held that a trial court must reduce a defendant's sentence to one not constitutionally excessive if the trial court finds that the sentence mandated by the Habitual Offender Law "makes no measurable contribution to acceptable goals of punishment", or is nothing more than "the purposeful imposition of pain and suffering" and is "grossly out of proportion to the severity of the crime." *Id*. at 1280-81. Finding a mandatory minimum sentence constitutionally excessive requires much more, though, than the mere utterance of the phrases above.
> >
> > A sentencing judge must always start with the presumption that a mandatory minimum sentence under the Habitual Offender Law is constitutional. See *State v.*

6

*Dorthey*, *supra* at 1281 (Marcus, J., concurring); *State v. Young*, [94-1636 (La.App. 4 Cir. 10/26/95), 663 So.2d 525]. A court may only depart from the minimum sentence if it finds that there is clear and convincing evidence in the particular case before it which would rebut this presumption of constitutionality.

A trial judge may not rely solely upon the non-violent nature of the instant crime or of past crimes as evidence which justifies rebutting the presumption of constitutionality. While the classification of a defendant's instant or prior offenses as non-violent should not be discounted, this factor has already been taken into account under the Habitual Offender Law for third and fourth offenders. LSA-R.S. 15:529.1 provides that persons adjudicated as third or fourth offenders may receive a longer sentence if their instant or prior offense is defined as a "crime of violence" under LSA-R.S. 14:2(13). Thus the Legislature, with its power to define crimes and punishments, has already made a distinction in sentences between those who commit crimes of violence and those who do not. Under the Habitual Offender Law those third and fourth offenders who have a history of violent crime get longer sentences, while those who do not are allowed lesser sentences. So while a defendant's record of non-violent offenses may play a role in a sentencing judge's determination that a minimum sentence is too long, it cannot be the only reason, or even the major reason, for declaring such a sentence excessive.

Instead, to rebut the presumption that the mandatory minimum sentence is constitutional, the defendant must clearly and convincingly show that:

[he] is exceptional, which in this context means that because of unusual circumstances this defendant is a victim of the legislature's failure to assign sentences that are meaningfully tailored to the culpability of the offender, the gravity of the offense, and the circumstances of the case.

*Young*, 94-1636 at pp. 5-6, 663 So.2d at 528 (Plotkin, J., concurring).

When determining whether the defendant has met his burden of proof by rebutting the presumption that the mandatory minimum sentence is constitutional, the trial judge must also keep in mind the goals of the Habitual Offender Law. Clearly, the major reasons the Legislature passed the Habitual Offender Law were to deter and

punish recidivism. Under this statute the defendant with multiple felony convictions is treated as a recidivist who is to be punished for the instant crime in light of his continuing disregard for the laws of our state. He is subjected to a longer sentence because he continues to break the law. Given the Legislature's constitutional authority to enact statutes such as the Habitual Offender Law, it is not the role of the sentencing court to question the wisdom of the Legislature in requiring enhanced punishments for multiple offenders. Instead, the sentencing court is only allowed to determine whether the particular defendant before it has proven that the mandatory minimum sentence is so excessive in his case that it violates our constitution.

After the decision in *Dorthey*, 623 So.2d 1276, there was an increase in appeals from downward departures from mandatory minimum sentences. In *State v. Lindsey*, 99-3302 (La.10/17/00), 770 So.2d 339, 343, *cert. denied*, 532 U.S. 1010, 121 S.Ct. 1739, 149 L.Ed.2d 663 (2001), the court held for a defendant to rebut the presumption that the mandatory minimum sentence is constitutional, he must show:

> [H]e is exceptional, which in this context means that because of unusual circumstances this defendant is a victim of the legislature's failure to assign sentences that are meaningfully tailored to the culpability of the offender, the gravity of the offense, and the circumstances of the case.

In *Lindsey*, the defendant was convicted of simple robbery, adjudicated a fourth felony offender, and sentenced to life imprisonment at hard labor without benefit of probation, parole, or suspension of sentence. Lindsey argued his sentence was excessive, noting he had prior convictions for attempted simple burglary, attempted burglary, and simple burglary. The supreme court found that Lindsey's sentence was not excessive, stating:

> [H]e is exactly the type of offender that the Habitual Offender Statute intends to punish so severely. He is sentenced to life imprisonment because he continues to commit felony after felony. The fact that his last felony was the only violent crime against a person is not an "unusual circumstance" that would support a downward departure. A person with three prior non-violent felony convictions who then proceeds to commit a felony involving violence against a person has shown that his criminal conduct is becoming worse. The goals of the Habitual Offender Statute, to deter and punish recidivism, are satisfied by imposing a life sentence against such a person.

*Id.* at 344.

Clearly, the supreme court in *Lindsey* emphasized that a defendant's non-violent record is a factor, but cannot be the only reason the sentencing judge uses to depart from the sentence required by the Habitual Offender Law. A review of the record indicates the sentencing judge in this case was presented with numerous factors leading to his determination to find the sentence mandated by the Habitual Offender Law was excessive in this case. After a thorough review, we find the record and the jurisprudence supports the sentencing judge's conclusion that there were several factors which clearly and convincingly established Defendant was exceptional, and, due to the particular circumstances of his case, the legislature failed to fashion a meaningful sentence to match the culpability of the offender and the gravity of the offenses.

We find the instant case is similar to the facts in *State v. Combs*, 02-1920 (La.App. 4 Cir. 5/21/03), 848 So.2d 672. In *Combs*, the underlying conviction was for possession of cocaine, and he was adjudicated a third felony offender (the previous felonies were for possession of cocaine and forgery). He was subsequently sentenced to life imprisonment. The fourth circuit found the defendant's sentence was excessive, as the defendant was thirty-two years of age, had a supportive family who wanted to help him, was not in possession of a weapon when arrested, was only a petty street drug pusher, and was a non-violent offender. Based on these facts, the appellate court found the life sentence was constitutionally excessive and remanded for re-sentencing.

Similarly, in *State v. Wilson*, 37,555 (La.App. 2 Cir. 11/6/03), 859 So.2d 957, *writ denied*, 03-3232 (La.6/4/04), 876 So.2d 73, the second circuit found the facts presented justified a downward departure. In *Wilson*, the defendant was convicted of first degree robbery, adjudicated a fourth felony offender, and sentenced to life imprisonment. On appeal, the second circuit reduced the defendant's conviction to simple robbery, and he was resentenced to life imprisonment without benefits. The defendant appealed, alleging the mandatory life sentence was unconstitutional as applied to him.

The second circuit noted the defendant had prior convictions that resulted in prison terms of six months, ten months, and two years. The six-month and two-year sentences were initially suspended, but eventually served, because the defendant failed to report monthly to his probation officer. The second circuit concluded the defendant's prior convictions did not reach a level of culpability and gravity warranting a life sentence and stated:

> Defendant is 42 years old and homeless. After he
> was arrested, he gave the police a recorded statement

admitting he was depressed over the death of his son in a train accident on June 29, 1999. He admitted that he has a history of drug and alcohol abuse. He stated that he was drunk at the time he committed the robbery, and felt "hopeless."

. . . .

The supreme court in *Johnson*, *supra*, made clear that the fact that defendant's felonies are non-violent alone is not sufficient to override the legislatively designed sentences of the Habitual Offender Law. *Johnson,* 709 So.2d at 676. But, it did note that, "the classification of a defendant's instant or prior offenses as non-violent should not be discounted." *Id.* Three of defendant's four felonies were non-violent. Even his fourth felony, while classified as a violent offense, involved no actual violence. *Cf. State v. Hayes*[, 97-1526 (La.App. 1 Cir. 6/25/99), 739 So.2d 301]. There is also no evidence in the record that defendant ever possessed a dangerous weapon, and Ms. Cone, the victim, testified that she never felt threatened.

Furthermore, this particular life imprisonment imposes an undue burden on the taxpayers of the state, who must feed, house, and clothe this defendant for life. *State v. Hayes*, 739 So.2d at 303. As defendant ages, these costs will only increase due to the need for geriatric health treatments.

The defendant in this case obviously needs lengthy incarceration. We believe that a severe sentence in this case, for example, a sentence of not less than 20 years, in conformity with La. R.S. 15:529(A)(1)(c)(i), but not more 30 years at hard labor, would meet all of the societal goals of incarceration and be constitutional in this case.

For all the reasons above, and after a review of the facts and circumstances of this particular defendant and the instant crime, we find clear and convincing evidence that this defendant is a victim of the legislature's failure to assign sentences that are meaningfully tailored to the culpability of the offender, the gravity of the offense, and the circumstances of the case. A sentence of life imprisonment for this defendant, on this record, is "disproportionate" to the harm done and shocks "one's sense of justice." *State v. Lobato* [, 603 So.2d 739 (La.1992)]. Thus, we are unable to conclude that this life

sentence is not excessive under the constitutional standard.

*Id*. at 964-65.

In *State v. Hayes*, 97-1526 (La.App. 1 Cir. 6/25/99), 739 So.2d 301, *writ denied*, 99-2136 (La.6/16/00), 764 So.2d 955, the defendant was convicted of theft by misappropriating or taking over $500, adjudicated a third felony offender, and sentenced to life imprisonment without benefit of probation, parole, or suspension of sentence. The first circuit noted the defendant admitted the theft and returned $693.00. It further noted:

> Mr. Hayes was 34 at the time of sentencing. The parole and probation officer recommended a sentence of 10 years. The manager of the business, from whom Mr. Hayes stole the money, stated that he would like Mr. Hayes to serve time, and hoped Mr. Hayes would be rehabilitated after serving time. At the time of the theft, Mr. Hayes had a second employer, who thought highly of Mr. Hayes. The employer found Mr. Hayes to be a good employee, and believed that Mr. Hayes could be rehabilitated.

> Mr. Hayes' criminal record contained the following convictions: two thefts under $100, one theft over $100, several counts of issuing worthless checks, check forgery, simple robbery, and the instant offense, theft of over $500. The simple robbery, was the " 'crime of violence'" necessary for the life imprisonment sentence. La. R.S. 14:2(13); La. R.S. 14:2(13)(y); La. R.S. 15:529.1A(1)(b)(ii). The simple robbery occurred in 1991, when Mr. Hayes pushed a minor, and stole his bicycle. None of Mr. Hayes' crimes involved a dangerous weapon.

> This particular life imprisonment imposes an undue burden on the taxpayers of the state, who must feed, house, and clothe this defendant for life. Mr. Hayes is a tenacious thief. He obviously needs lengthy incarceration. However, a severe sentence, for example, between twenty and forty years, would have met all of the societal goals of incarceration.

*Id*. at 303. The first circuit then vacated the defendant's sentence and remanded the matter for resentencing.

The record establishes Defendant's three prior felony offenses were non-violent (three forged checks which totaled less than

11

$600.00) and, according to the unrebutted testimony of Dr. Forsythe, were best classified as petty theft. The record also established Defendant had a history of gainful employment and was thought highly of by his employer. His children told Dr. Forsythe their father was a good man and had been loving and supportive. The sentencing judge clearly placed great stock in Dr. Forsythe's belief that Defendant's actions in committing armed robbery, while serious and deserving of punishment, reflected a spur of the moment plan. Defendant made no attempt to hide his identity, and Dr. Forsythe emphasized Defendant clearly took steps to minimize the possibility of injury to the victims by placing them in the bathroom of the hotel room. Dr. Forsythe characterized this particular armed robbery as "low."

Furthermore, this particular sentence, effectively amounts to a life sentence for Defendant due to his age. As the courts in *Hayes* and *Wilson* noted, such a lengthy sentence imposes an undue burden on the taxpayers of the state, which will only increase as Defendant ages. While we note the armed robbery committed by Defendant in this case did involve the use of a weapon, which distinguishes it from the facts in *Wilson*, 859 So.2d 957, *Hayes*, 739 So.2d 301, and *Combs*, 848 So.2d 672, the facts indicated the weapon used, while unquestionably dangerous, was a weapon conveniently available to Defendant at his job, and Defendant attempted to isolate the victims from any harm by locking them in the bathroom. Therefore, we find no error on the part of the sentencing judge in concluding Defendant put forth clear and convincing evidence that would justify a downward departure.

However, we note the supreme court in *Johnson* clearly stated that even when a sentencing judge finds clear and convincing evidence to justify a downward departure from the maximum sentence under the Habitual Offender Law, "[the judge] is not free to sentence a defendant to whatever sentence he feels is appropriate under the circumstances." The supreme court instructed:

> [T]he judge must sentence the defendant to the longest sentence which is not constitutionally excessive. This requires a sentencing judge to articulate specific reasons why the sentence he imposes instead of the statutory mandatory minimum is the longest sentence which is not excessive under the Louisiana Constitution. Requiring a sentencing judge to re-sentence a defendant in this manner is in keeping with the judiciary's responsibility to give as much deference as constitutionally possible to the Legislature's determination of the appropriate minimum sentence for a habitual offender.

*Johnson*, 709 So.2d at 677.

A review of the record finds the sentencing judge failed to articulate specific reasons as to why he found the mandatory minimum sentence was not appropriate. Louisiana Revised Statutes 15:529.1(A)(4)(b) provides "the person shall be sentenced to imprisonment for the fourth or subsequent felony for a determinate term not less than the longest prescribed for a first conviction but in no event less than twenty years and not more than his natural life." Therefore, we reverse Defendant's sentence and remand the case with the following instructions set forth in this decree.

*Id*. at 79-84.

In the present case, the Defendant asserts in pertinent part:

Here, trial counsel failed to file a motion to reconsider the life sentence William received, in which the trial court did not analyze the sentence to determine if it was constitutional in this case. There could be absolutely no strategic reason for trial counsel's failure to do so in this case. There was no negotiated plea that barred appellate review of the sentence, the trial courts [sic] stated reasons for the sentence were based on a misunderstanding of the Supreme Court's well established precedent, and William is facing the rest of his life in jail for this crime. Even if trial counsel, like the trial court, misunderstood the law while in court at the sentencing hearing and did not object to the sentence, the code gives him the ability to research the issue and file the motion to reconsider up to 30 days after the hearing. La. C. Cr. P. art. 881.1(A)(1). Counsel failed to do so in this case. If this Court finds that assignment of error 1 is barred by trial counsel's failure to file this routine, but crucial, motion, counsel's ineffectiveness and William's prejudice would be self-evident in this matter. See La. C. Cr. P. art. 881.1(E) (Failure to file a motion to reconsider sentence precludes appellate review of whether a sentence is excessive), *see also State v. Hayes*, 97-1526 (La. App. 1 Cir. 5/15/98); 712 So. 2d 1019, 1022 (Counsel was ineffective for not filing a motion to reconsider life sentence for Third Felony Offender whose prior crimes were non-violent theft related crimes). William should have a new sentencing hearing that complies with the constitutional and statutory requirements to justify a life sentence.

The thirty-year-old Defendant's previous crimes used to enhance his present conviction were two counts of simple burglary; one in February 2004 and the other in June 2006. The penalty range for simple burglary was imprisonment up to twelve years at hard labor. The trial court did not set forth any reasons for imposing the sentence since it carried a mandatory sentence. Additionally, the

record before this court does not reflect there was a pre-sentence investigation report considered by the trial court.[1]   Thus, the record before this court is insufficient to review this claim as in *Boyd*, 164 So.3d 259 and cited in *Paulson.*

In *Boyd*, the court wrote in pertinent part:

> Not only is the record as presently constituted insufficient for us to decide whether Mr. Boyd can establish both prongs of the *Strickland* test, but also, as we have already stated, the particular trial judge who actually imposed the thirty-five year sentence is best situated to decide whether any deficiency on the part of sentencing counsel resulted in a significantly harsher sentence for Mr. Boyd.

> We therefore remand the matter to the trial court for a full evidentiary hearing and decision on Mr. Boyd's ineffective-assistance-of-counsel-at-sentencing claim.  *See* [State v.] *Sparks*, 88-0017, p. 66; 68 So.3d [435] at 485 (citing *State v. Strickland*, 94-0025, p. 51 (La.11/1/96); 683 So.2d 218, 238-9).  In connection with the claim and hearing, the trial court shall ensure that Mr. Boyd, who is indigent, is represented by conflict-free counsel.  See La. R.S. 15:175 A(1)(d);  *Martinez v. Ryan*, ___ U.S. ___, ___, 132 S.Ct. 1309, 1317-8, 182 L.Ed.2d 272 (2012);  *State v. Carter*, 10-0614, pp. 5-6 (La.1/24/12);  84 So.3d 499, 508-9.

*Id*. at 264-65.  Consequently, this issue is remanded to the trial court for an evidentiary hearing to be held in accordance with the court's opinion.

## ASSIGNMENT OF ERROR NO. 2

The Defendant contends that the trial court erred in failing to issue written reasons.  The Defendant argues in pertinent part:

> The trial court also failed to comply with the requirements of the Habitual Offender law which states that the sentencing "court shall provide written reasons for its determination." La. R.S. § 15:529.1(D)(3). Although appellate courts have held that this is normally a harmless error when the trial court has stated on the record and in transcripts the reasons for the sentence that was imposed, here, as stated in assignment of error 1, the trial court was incorrect in its assumption that there was no discretion in the sentence. Thus, the

---

[1]At the habitual offender hearing, the trial judge acknowledged that he received letters on behalf of the Defendant from the Defendant's parents, the Defendant's brother, his brother's girlfriend, and the Defendant's sister.  The trial court stated that the letters requested mercy and possibly probation.  Copies of the letters are located in the record in *Farry*, 16-210.

transcripts of the sentencing in this case are not sufficient to document to William or this Court the "reasons for [the trial court's] determination." La. R.S. § 15:529.1(D)(3).

Therefore, even if there is sufficient evidence for the conviction, this case should be sent back to the trial court for a new sentencing hearing where the trial court can either state for the record whether a life sentence is constitutional in this case, if so, why it is constitutional, or if not, what sentence is constitutional. Further, the trial court should provide the statutorily required written reasons for its ruling.

Louisiana Revised Statutes 15:529.1(D)(3) provides:

When the judge finds that he has been convicted of a prior felony or felonies, or if he acknowledges or confesses in open court, after being duly cautioned as to his rights, that he has been so convicted, the court shall sentence him to the punishment prescribed in this Section, and shall vacate the previous sentence if already imposed, deducting from the new sentence the time actually served under the sentence so vacated. The court shall provide written reasons for its determination. Either party may seek review of an adverse ruling.

In *State v. Dukes*, 46,029, p. 15 (La. App. 2 Cir. 1/26/11), 57 So.3d 489, 496, *writ denied*, 11-443 (La. 3/2/12), 83 So.3d 1033, the court explained, in pertinent part:

Because the sentence imposed for the habitual offender adjudication is prescribed by statute, the trial court's compliance with La. C. Cr. P. art. 894.1 is not required. *State v. Thomas*, 41,734 (La.App.2d Cir.1/24/07), 948 So.2d 1151, *writ denied*, 2007-0401 (La.10/12/07), 965 So.2d 396; *State v. Gay*, 34,371 (La.App.2d Cir.4/4/01), 784 So.2d 714. It would be an exercise in futility for the trial court to discuss the factors enumerated in that article when the court had no discretion in sentencing the defendant. *State v. Sewell*, 35,549 (La.App.2d Cir.2/27/02), 811 So.2d 140, *writ denied*, 2002-1098 (La.3/21/03), 840 So.2d 535.

Louisiana Code of Criminal Procedure Article 894.1(C) provides: "The court shall state for the record the considerations taken into account and the factual basis therefor in imposing sentence."

In this case, the trial judge noted that he had no discretion in sentencing as there was one penalty, and he did not articulate reasons for the sentence.

Following, the trial judge imposed the mandatory sentence of life imprisonment without the benefit of parole, probation or suspension of sentence.

Pursuant to *Williams,* we find the trial court did not err in failing to articulate reasons for the mandatory sentence. This assignment lacks merit.

## DECREE

The Defendant's sentence is conditionally affirmed. This case is remanded to the trial court to conduct an evidentiary hearing in order to determine whether the Defendant's attorney was ineffective for failing to object or to file a motion to reconsider sentence on the basis that a downward departure of the mandatory sentence was warranted. If the evidence shows that the Defendant's attorney was ineffective, the trial court must set aside the Defendant's sentence and resentence him. The Defendant may appeal from any adverse ruling on this issue, and in the absence of such appeal, this court affirms the Defendant's sentence. *See State v. R.W.W.*, 06-1253 (La.App. 3 Cir. 3/7/07), 953 So.2d 131, *writ denied*, 07-820 (La. 3/27/09), 5 So.3d 130.

**CONDITIONALLY AFFIRMED WITH INSTRUCTIONS.**